KAUPPI v DOW CHEMICAL COMPANY

DIVORCE—PENSIONS—ESTATES.

A divorce decree granting the wife 25% of all pension benefits received by the husband grants the wife an interest only in monies actually paid to the husband and does not give her any interest in benefits from the pension fund paid to the husband's estate.

Appeal from Midland, James R. Rood, J. Submitted Division 3 April 12, 1972, at Grand Rapids. (Docket No. 12141.) Decided May 1, 1972.

Complaint by Mary H. Kauppi against the Dow Chemical Company for payment of pension benefits accrued by her deceased husband. Margaret A. Kauppi was interpleaded and counterclaimed for 25% of the benefits under a decree for divorce. Judgment for plaintiff. Defendant Kauppi appeals. Affirmed.

*Cook, Nash, Deibel & Borrello* (by *Joseph G. DeFrancesco),* for plaintiff.

*Joel H. Kahn,* for defendant Margaret A. Kauppi.

Before: J. H. GILLIS, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. This is a dispute between a first wife and a second wife over who was entitled to 25% of the funds accumulated by the deceased

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 632, 744.

husband in a profit-sharing plan. When the husband and the first wife were divorced, the decree provided in part:

"It is further ordered, adjudged and decreed that the *plaintiff shall share in twenty-five per cent (25%) of the benefits that the defendant will receive by virtue of certain retirement, pension, and profit sharing plans* described as: Dow Corning Corporation Supplemental Retirement Plan and The Dow Chemical Company Pension and Profit-Sharing Plan, and any other plan under the terms of which the defendant is entitled to benefits upon retirement. Provided, however, that shall the plaintiff predecease the retirement of the defendant, then this provision shall become inoperative. Provided further, that any payments being made to her shall cease upon her death. Her death certificate shall act to cancel all her rights in said pension plan. The defendant shall forthwith execute whatever documents that may be required to make this provision effective."

Upon his retirement in 1967 the husband received a lump sum award and monthly benefits from the pension plan. It is agreed that the first wife, third-party defendant, Margaret A. Kauppi, received 25% of these amounts. These payments were deducted from the husband's balance in the pension plan. The trial court found, which is sustained by the record, that the right of the husband to receive monthly benefits for the rest of his life was not dependent on his having a balance in the pension plan. However, the terms of the plan provided that if the husband should die before his credit in the fund had been depleted by the monthly payments the remainder, if any, would be paid to his named beneficiary. The husband died in 1968 and prior thereto had named plaintiff, second wife Mary H. Kauppi, as his beneficiary of any funds remaining in the pension profit-sharing plan.

The trial court, in a well-written opinion, construed the decree as awarding first wife, third-party defendant, 25% of all monies actually paid to the husband and ordered that the remainder left in the fund be paid to the second wife. Our review of the record in this case does not convince us that the trial court erred.

Affirmed.