**GENERAL MOTORS CORPORATION,**
Plaintiff,

v.

**Willie D. TOWNSEND and the Hon. John W. Baker, Circuit Judge, Circuit Court for the County of Genesee, State of Michigan, Defendants.**

Civ. No. 76–72159.

United States District Court,
E. D. Michigan, S. D.

Dec. 16, 1976.

David M. Davis, General Motors Corp., Detroit, Mich., for plaintiff.

Martin F. Paulus, Flint, Mich., for defendants.

## OPINION

GUY, District Judge.

Plaintiff commenced this action in federal court to obtain a Temporary Restraining Order and Permanent Injunction against defendants who have sought to garnish the General Motors Retirement Program for Salaried Employees. The parties are in substantial agreement as to the applicable facts of the case, and thus, the court is presented with essentially a purely legal issue. In short, the issue presented this court is whether a trust which qualifies under the Internal Revenue Code, 26 U.S.C. § 401, can be garnished in state or federal court. The court finds that such a trust is not garnishable under federal law.

This case has its genesis in a Judgment of Divorce entered on December 20, 1974, in

the Circuit Court for the County of Genesee. Included in the divorce judgment was a requirement that Samuel L. Townsend, defendant in the divorce proceeding, pay to Willie D. Townsend, plaintiff in the divorce proceeding, one-half of the General Motors Stock Savings Plan assets earned by the parties from 1955 to April 1, 1974. Shortly thereafter, Samuel Townsend received all the proceeds from the General Motors Stock Savings Plan, but transferred none of the proceeds to Willie Townsend. To satisfy the divorce judgment that should have been paid by the Stock Saving Plan, Willie Townsend obtained a Writ of Garnishment directed to the National Bank of Detroit, Trustee of the General Motors Retirement Program for Salaried Employees.

The plaintiff herein, General Motors Corporation, is a fiduciary of the Retirement Program as defined by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., 29 U.S.C. § 1002(21). General Motors established the Retirement Program in 1950 to provide benefits to salaried employees after retirement from active employment. On January 1, 1976, the retirement program came under the jurisdiction of ERISA. As a fiduciary, plaintiff is required, pursuant to 29 U.S.C. § 1104, to:

". . . discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims . . .           .

\*       \*       \*       \*       \*       \*

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter."

It is pursuant to these obligations and the resulting potential liability thereupon that plaintiff commences this action.

Jurisdiction for this action has been properly invoked pursuant to 29 U.S.C. § 1132(f), which states:

"(f) The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action."

Moreover, plaintiff General Motors has standing to bring this action under 29 U.S.C. § 1132(a):

"(a) A civil action may be brought—

\*       \*       \*       \*       \*       \*

(3) by a . . . fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan . . . ."

Defendant does not argue that this court lacks jurisdiction over this matter, that plaintiff is not a fiduciary having standing to bring this action pursuant to 29 U.S.C. § 1132(a)(3), or that the Retirement Program is not a qualified plan under 26 U.S.C. §§ 401, 501.

The retirement program maintained by General Motors is an "employee pension benefit plan" as that term is defined in the definitional section of ERISA, 29 U.S.C. § 1002(2):

"(2) The terms 'employee pension benefit plan' and 'pension plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—

(A) provides retirement income to employee, or

(B) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond . . . ."

It is clear on the face of the retirement program (Exhibit 1, Plaintiff's Complaint), and the defendant does not dispute the fact, that the retirement program was designed to provide salaried personnel employed at General Motors with retirement benefits following retirement from the corporation.

Employee pension benefit plans of this nature are required by ERISA to restrict benefits provided under the plan from assignment or alienation, see 29 U.S.C. § 1056(d);[1] however, certain types of irrevocable assignments and alienation of benefits, under narrowly defined circumstances, are permitted.[2] Similarly, for a trust to be qualified for purposes of federal income taxation, the plan must provide that the benefits under the plan may not be assigned or alienated. See 26 U.S.C. § 401(a)(13).[3] Compliance with these requirements under 29 U.S.C. § 1056(d) and 26 U.S.C. § 401(a)(13) are met by the retirement program in a provision included in the general provisions of the retirement program, Section 4, stating that:

"(a) No assignment of any of the benefits under the Program will be valid or recognized, except as may be otherwise provided or required by law. . . ."[4]

Similarly, the General Motors Salaried Employees' Non-Contributory Retirement Trust also states:

"WHEREAS, it is contemplated in the Plan that the contributions thereunder shall be made for the exclusive benefit of salaried employees of the Corporation and its participating subsidiaries and that no part thereof may at any time prior to the satisfaction of all liabilities under the Plan be used for or diverted to any other purposes;"

These two provisions implement the requirements of ERISA and the Tax Code already noted.

■ However, in 29 U.S.C. § 1056(d), an exception to the general prohibition against assignment or alienation is provided:

"(2) For the purposes of paragraph (1) of this subsection, there shall not be taken into account any voluntary and revocable assignment of not to exceed 10 percent of any benefit payment, or any irrevocable assignment or alienation of benefits executed before September 2, 1974."

A substantially similar provision is included in 26 U.S.C. 401(a)(13) in determining whether a trust is qualified for federal income tax purposes. In interpreting these provisions it was noted that: "For purposes of this rule a garnishment or levy is not to be considered a voluntary assignment." Joint Explanatory Statement of the Committee of Conference, p. 280. Thus, although benefits under the plan may be assigned or alienated voluntary up to 10 percent of the participant's benefits, this provision is not applicable to attempted alienations or assignments resulting from garnishment. In the instant case, the defendant has sought to garnish the Retirement Program, however, since garnishment is not considered a voluntary assignment or alienation for purposes of ERISA, the defendant is not permitted to garnish any part of Samuel Townsend's benefits under the Retirement Program.

Defendant contends that pension funds are not exempt from levy under Michigan law, M.S.A. § 27A.6023 [M.C.L.A. § 600.-6023]; and that Michigan law has permitted assignment of an interest in a pension or

1. (d)(1) Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

2. (d)(2) For the purposes of paragraph (1) of this subsection, there shall not be taken into account any voluntary and revocable assignment of not to exceed 10 percent of any benefit payment, or of any irrevocable assignment or alienation of benefits executed before September 2, 1974. The preceding sentence shall not apply to any assignment or alienation made for

the purposes of defraying plan administration costs.

3. (a)(13) A trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated.

4. Considering the context in which this language arises, the law referred to is federal rather than state law.

retirement plan in enforcing a judgment of divorce. *Kauppi v. Dow Chemical Company*, 40 Mich.App. 448, 198 N.W.2d 897 (1972). The *Kauppi* case, however, was not one where ERISA applied to the pension or retirement plan in question since the case was commenced and adjudicated prior to the enactment of ERISA.

■ Because Michigan law permits assignments of and levies on pension and retirement benefits, the defendant further argues that the provisions in the General Motors Retirement Program for Salaried Employees and the General Motors Salaried Employees' Non-Contributory Retirement Trust restricting assignment and alienation are thereby contrary to Michigan law, and thus null and void. If these were all the facts and law presented the court, the defendant's contention in this regard might be persuasive. However, in this case, there is an added element of great significance, namely, a federal statute, 29 U.S.C. § 1056(d), explicitly requiring that pension plans of the sort involved herein include a provision indicating that benefits provided by the plan may not be assigned or alienated. The importance of this requirement is bolstered when the overall Congressional scheme in enacting ERISA is reviewed. Congress sought to develop a system of checks and balances which would ensure that employees and other beneficiaries of employee benefit plans would receive benefits promised them. It was a massive effort which contemplated that regulation of these plans required the enforcement powers and interstate jurisdiction of the federal government. Thus, the court concludes that the requirement under federal law that employee benefit plans include restrictions on assignment and alienation supersedes any contrary state law under the Supremacy Clause of the United States Constitution, Article VI, Clause 2. As a result, notwithstanding apparent law to the contrary in the State of Michigan, benefits in a plan covered by ERISA may not be assigned or alienated.

■ Moreover, the court notes that plaintiff's reliance on 29 U.S.C. § 1144(a) is misplaced. Section 1144(a) states that:

"(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this Chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in Section 1003(a) of this title . . . This section shall take effect on January 1, 1976."

On the basis of this statute, the plaintiff's position is that 29 U.S.C. § 1056(d), requiring that benefit plans contain restrictions on assignment and alienation, supersedes any state law that might otherwise permit assignment of or levy on proceeds in an employee benefit plan but not until January 1, 1976. However, the court concludes that Michigan law regarding garnishment, assignment and levy is not "State law" which the drafters of ERISA contemplated "relate to any employee benefit plan." Although it is true that Michigan garnishment assignment levy law could, and in this case does, have some relationship to employee benefit plans, such a relationship, in the court's view, is too indirect and tangential to have the relationship intended by Section 1144. Obviously, ERISA was not designed to overrule all state law on all subjects that might have some peripheral connection with employee benefit plans. On the other hand, prior state law regulating or otherwise relating to employee benefits plans is superseded by ERISA. Beyond this, the court does not understand Congress to have intended a more sweeping overhaul of state law in such traditional state law enforcement remedies like garnishment, assignment, or levy.

On the basis of the court's interpretation of Section 1144(a), it is unnecessary to deal with defendant's argument that Section 1144(b)(1) restricts the general applicability of subjection (a) "to any cause of action which arose, or any act or omission which occurred" after December 31, 1974. Although the defendant contends that the underlying divorce action leading to the garnishment of the Retirement Program arose before January 1, 1975 and that the gar-

**470**

nishment is merely a continuation of the divorce action, since the court finds that Section 1144(a) and (b) are not applicable to this case, the fact that the divorce action arose before January 1, 1975 is irrelevant. The only relevant factor in the court's view is that the Retirement Program was covered by ERISA generally, and Section 1056(d) particularly, at the time of the garnishment, and, moreover, that Section 1056(d) requires, and the Retirement Program did contain, restrictions on alienation and assignment. On this basis, the court concludes that the benefits provided by the Retirement Program are not subject to garnishment.

On the basis of the foregoing reasoning, the court grants plaintiff's request for a Permanent Injunction restraining defendant Willie Townsend from attempting to enforce or enforcing the Writ of Garnishment issued by the Genesee Circuit Court and served on the National Bank of Detroit, Trustee of the General Motors Salaried Employees Non-Contributory Retirement Trust.