OPERATING ENGINEERS LOCAL
# 428 PENSION TRUST FUND,
et al., Plaintiffs,

v.

Elizabeth K. ZAMBORSKY, et
al., Defendants.

No. CIV 78–414–PHX–CAM.

United States District Court,
D. Arizona.

May 17, 1979.

Minne & Sorenson, Phoenix, Ariz., for plaintiffs.

Hash, Cantor & Tomanek, Phoenix, Ariz., for defendants.

OPINION and ORDER

MUECKE, District Judge.

This case involves the interpretation of the 1974 Employee Retirement Income Security Act (ERISA) and the sections which prevent the assignment or alienation of the employees' pension benefits.[1] The act provides that the benefits will not be assigned or alienated. The jurisdiction of this Court is pursuant to 29 U.S.C. § 1132(e)(1) which provides: "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary." In the instant case, the action was brought by the trustee of the fund which is involved.

Defendant Zamborsky brought an action against her ex-husband for arrearages on his alimony payments in state court. The court found that the defendant was in arrears and ordered that pursuant to state statute, A.R.S. § 25–323, that the Operating Engineers Local # 428 pension trust fund make a payment of $200 of the husband's regular $300 payment to the Clerk of the Court as alimony due. The plaintiffs contend that the order of the court is in error in that there was no competent jurisdiction of the state court to enter an order affecting the pension rights in light of

1. 29 U.S.C. § 1056(d)(1).

§ 1056(d)(1). The pension fund refused to comply with the order of the state court and sought injunctive relief in this Court by way of a temporary restraining order which was granted until the Court could consider the matter on its merits.

The plaintiffs contend that there should be no allowance of the assignment since it would possibly affect the tax status of the trust and also is in violation of the literal language of the Act.

Defendants argue that the case law has determined that an implied exception exists for the enforcement of support obligations which are made pursuant to a valid court order.

Ernest Zamborsky and Defendant Elizabeth Zamborsky were divorced pursuant to a Maricopa County Superior Court decree issued on April 1, 1971, wherein Ernest Zamborsky was ordered to pay as and for spousal maintenance, the sum of $200.00 per month. Ernest Zamborsky has failed to do so and thus the defendant wife brought an action in the same court to enforce the prior order of the court. On December 5, 1977, the same court ordered that the Trust pay the defendant wife $200.00 a month from the sums due the husband, beginning on January 1, 1978. The Trust refused to make these payments as ordered, but did hold the sum ordered by the court until it filed this suit. In response to the nonpayment by the Trust, Defendant Zamborsky filed an order to show cause in Superior Court, said order being heard on April 18, 1978, wherein the court ordered that a judgment be entered in the amount of $1000.00. The Plaintiff Trust then appealed to this Court.

The threshold issue in this case is whether or not the anti-assignment or alienation section of the ERISA Act prevents the enforcement of the Superior Court order granting Defendant Zamborsky payments from the pension fund.

Plaintiffs' contention is based upon a literal interpretation of the section to exempt pensions from any and every levy, garnishment, or attachment. If the Court so follows that theory, it would appear that the plaintiffs may have a valid point. However, the court in *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487 (2d. Cir. 1960), held at page 489, "[o]n the other hand, it is a commonplace that a literal interpretation of the words of a statute is not always a safe guide to its meaning" and should be disregarded when it defeats the manifest purpose of the statute as a whole. It is upon this theory that the defendants rely for their support.

It seems apparent that the cases have established the fact that the courts in a question of statutory interpretation have presumed that the basic police powers of the states, particularly the regulation of domestic relations, are not superseded by federal legislation unless that was the clear and manifest purpose of Congress. In *Cartledge v. Miller*, 457 F.Supp. 1146 (1978) at 1154, the court went on to point out that the Supreme Court in the case of *Wetmore v. Markoe*, 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390 (1904), held: "[u]nless positively required by direct enactment the courts should not presume a design upon the part of Congress, in relieving the unfortunate debtor, to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife and to maintain and educate his children." 196 U.S. at 77, 25 S.Ct. at 176.

The courts have noted that family obligations are generally not the type of obligations that can be avoided under federal statutes. See The Social Security Act, the Veterans' Benefits Act, and the Railway Retirement Act. In *Schlaefer v. Schlaefer*, 71 App.D.C. 350, 112 F.2d 177 (1940), the court held that "the usual purpose of exemptions is to relieve the person exempted from the pressure of claims hostile to his dependents' essential needs as well as his own personal ones, not to relieve him of familial obligations and destroy what may be the family's last and only security, short of public relief."

This Court notes that there is a great split of opinion on this matter including this circuit. The leading cases which have held

that a literal approach should be taken and thus denied the money for the family obligations are *Marshall v. Chase Manhattan Bank*, 558 F.2d 680 (2d Cir. 1977), and *General Motors Corporation v. Townsend*, 468 F.Supp. 466 (E.D.Mich.1976), BNA Pens. Rptr. No. 177, Feb. 28, 1978, p. D–1. The case of *Francis v. United Technologies Corporation*, 458 F.Supp. 84 (N.D.Cal.1978), held that the ERISA Act specifically preempted the field and that the family obligations would not be allowed to be collected out of the pension covered by ERISA.

This Court finds that the better reasoned cases hold that due to the basic premise of the Act—that it will provide protection for the funds from outside creditors—it would now be ludicrous to hold that it will also insulate a husband from his valid and legal familial obligations that have been determined by a valid court order.

Based upon the foregoing reasoning, this Court hereby denies the request for a permanent injunction on the basis that there exists an implied exception to the anti-assignment or alienation clause of the ERISA Act, and it is so ordered. The Court finds the reasoning of the courts in *Stone v. Stone*, 450 F.Supp. 919 (N.D.Cal.1978); *Cartledge v. Miller, supra,* as well as the most recent decision on this subject, *American Telephone and Telegraph Company and Chemical Bank v. Merry*, 592 F.2d 118 (2d Cir. 1978), 26 FR Sev.2d 877, as persuasive. All of these decisions note that the history of the Act was to protect the family from debts of outside creditors and not to insulate a breadwinner from the valid support claims of his or her spouse or offspring. It would, therefore, render the effect of the Act a nullity to presume that the very persons that were intended to be protected are now to be denied those same funds.