CENTRAL STATES, Southeast and Southwest Areas Pension Fund, and Loran W. Robbins, Robert E. Schlieve, Marion M. Winstead, Harold J. Yates, Earl J. Jennings, Jr., Robert J. Baker, Howard McDougall, Thomas F. O'Malley, and R. V. Pullian, Sr., as Trustees of the Central States, Southeast and Southwest Areas Pension Fund, Plaintiffs,

v.

Sherman PARR, Bernadine Parr and Charles J. Falahee, Jackson County Circuit Judge, Defendants.

No. 79-70184.

United States District Court, E. D. Michigan.

Dec. 13, 1979.

---

Russell N. Luplow, Charles J. Taunt, Bloomfield Hills, Mich., Frank J. Carey, Chicago, Ill., for plaintiffs.

Thomas K. Ellis, Jackson, Mich., for defendants.

## OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

COHN, District Judge.

Before the Court are cross motions for summary judgment. The question is whether 29 U.S.C. § 1056(d)(1), prohibiting assignment or alienation of benefits under a pension plan, extends to a state court award of temporary alimony. The award here in dispute directs that such benefits be paid to the Jackson County, Michigan Friend of the Court who is to divide them between the husband, the beneficiary of the plan, and his wife. Plaintiff trustees rely on *General Motors Corporation v. Townsend*, 468 F.Supp. 466 (E.D.Mich.1976) and *Francis v. United Technologies, Corp.*, 458 F.Supp. 84 (N.D.Calif.1978), which said "no", essentially on the grounds that the language of the statute clearly evinces a Congressional intent against such kinds of orders.

There are a number of decisions to the contrary, including *American Telephone & Telegraph Company v. Merry*, 592 F.2d 118 (2d Cir. 1979), *Operating Engineers Local # 428 Pension Trust Fund v. Zamborsky*, 470 F.Supp. 1174 (D.Ariz.1979) and *Senco of Florida, Inc. v. Clark*, 473 F.Supp. 902 (M.D. Fla.1979). Each of these cases found a Congressional intent to exclude such kinds of orders from the prohibition of § 1056(d)(1). This Court is satisfied the precedent established by these cases should be followed. 29 U.S.C. § 1001(a) reads in part: "The Congress finds that the growth in size, scope and numbers of employee benefit plans in recent years has been rapid and substantial; . . . that the continued well-being and security of millions of employees *and their dependents* are directly affected by these plans . . ." (emphasis added). To hold with plaintiffs would exclude dependents from benefits Congress was clearly trying to protect for them in enactment of the Employee Retirement Income Security Act of 1974.

Plaintiffs' Motion for Summary Judgment is DENIED. Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.