John Franklin BALL, Plaintiff,

v.

The REVISED RETIREMENT PLAN FOR SALARIED EMPLOYEES OF JOHNS–MANVILLE CORPORATION AND SUBSIDIARIES and James D. McGee, Administrator of Said Plan, Defendants.

Civ. A. No. 81–K–20.

United States District Court, D. Colorado.

Sept. 23, 1981.

---

George Mabry, Littleton, Colo., Wallis L. Campbell, Lakewood, Colo., for plaintiff.

Bruce W. Sattler, Thomas E. Gebow, Holland & Hart, Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This is an action arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, for the wrongful denial of ERISA benefits and other relief stemming from the defendants' refusal to recognize the transfer of pension benefits to the plaintiff pursuant to a state divorce decree. It presents an issue of first impression in this circuit. The defendants denied recognition to the transfer of benefits relying on ERISA's non-alienation provision, 29 U.S.C. § 1056(d)(1), which states that each pension plan under ERISA shall provide that benefits may not be assigned or alienated. This case is before the court on the plaintiff's motion for partial summary judgment that:

1. The non-alienation provision in ERISA, 29 U.S.C. § 1056(d)(1), does not prevent the defendant-pension plan from recognizing alienation and assignment of pension benefits pursuant to domestic relations decrees.

2. The New York law of trusts continues to apply to the plan for limited purposes even after the effective date of ERISA, January 1, 1975.

3. The New York law of domestic relations continues to apply to the plan for limited purposes even after the effective date of ERISA.

4. The domestic relations laws of other states also continue to apply to the plan for limited purposes, even after the effective date of ERISA.

For the reasons stated herein, the motion for partial summary judgment is granted as to the plaintiff's first request and denied as to his second request. I reach no decision on the third and fourth requests.

The defendants, The Revised Retirement Plan for Salaried Employees of the Johns-Manville Corporation and Subsidiaries, hereinafter referred to as "the Plan" or "the Johns-Manville plan," is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2). The plaintiff, John Ball, was a long term employee of the Johns-Manville corporation when he was forced to retire due to disability in 1977. At his retirement, the plaintiff had a choice among several forms of annuity benefits. He selected a joint and survivor annuity naming his wife as survivor instead of selecting a sole annuity which would have provided him with 45% greater benefits than under the joint and survivor annuity.

In 1979, his wife, who was working, filed for divorce in Arapahoe County, Colorado. The plaintiff and his wife signed a settlement agreement under which the plaintiff's wife was released from any further obligation to support her husband, in exchange for assigning to him, her present and future rights to receive any benefits in the pension plan. The parties contemplated that the plaintiff's benefits would be raised by 45% to the amount that he would have received under a sole annuity. This settlement agreement was incorporated by reference into a divorce decree issued in August 1977.

Shortly after issuance of the decree, the plaintiff requested the defendant-plan to give full legal effect to the assignment and

to pay him, from the date of divorce, the additional 45% that he should receive under a sole annuity. The Plan refused to recognize the assignment on the ground that ERISA, 29 U.S.C. § 1056(d)(1), prohibits attempted assignments or alienations of plan benefits, including assignments or alienations incident to divorce decrees. The plaintiff exhausted his administrative remedies pursuant to 29 U.S.C. § 1133, and he brings this action for the wrongful denial of ERISA benefits and other relief.

29 U.S.C. § 1144(a), ERISA's pre-emption clause, provides that ERISA "shall supercede (sic) any and all state laws insofar as they ... relate to any employee benefit plan...." The plaintiff contends that the state divorce decree, mandating the transfer of pension benefits to him, is not in conflict with ERISA's non-alienation clause, § 1056(d)(1), and should not be pre-empted under § 1144(a) because domestic relations decrees transferring pension benefits in satisfaction of support obligations are impliedly exempt from these provisions.

Judicial interpretations of ERISA, congressional intent and interpretations of similar statutes all support the plaintiff's contention. While courts in the tenth circuit have not yet addressed the issue, virtually every other federal court presented with this question has found that assignments pursuant to domestic relations decrees are implied exemptions from ERISA's pre-emption and non-alienation provisions.[1] *See Operating Engineers Local No. 428 Pension Fund v. Zamborsky*, 470 F.Supp. 1174 (D.Ariz.1979), *aff'd* 650 F.2d 196 (9th Cir. 1981); *American Telephone & Telegraph v. Merry*, 592 F.2d 118 (2d Cir. 1979); *Cody v. Riecker*, 454 F.Supp. 22 (E.D.N.Y.1978) *aff'd* 594 F.2d 314 (2d Cir. 1979); *Central States Southeast & Southwest Areas Pension Fund v. Parr*, 480 F.Supp. 924 (E.D. Mich.1979); *Senco of Florida, Inc. v. Clark*, 473 F.Supp. 902 (M.D.Fla.1979); *Cartledge v. Miller*, 457 F.Supp. 1146 (S.D.N.Y.1979).

These courts reason that the purpose of ERISA's proscription against assignment and alienation is "to protect a person and those dependent upon him from the claim of creditors, not to insulate a bread winner from the valid support claims of spouse and offspring." *Cartledge v. Miller, supra,* at 1156. *See American Telephone & Telegraph v. Merry, supra,* at 124; *Cody v. Riecker, supra,* 454 F.Supp. at 25; *Operating Engineers Local No. 428 Pension Fund v. Zamborsky, supra,* 470 F.Supp. at 1175.

Moreover, both congress and the courts have long recognized that "the whole subject of domestic relations, of husband and wife, parent and child, belongs to the laws of the states, not to the laws of the United States." *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979); *Operating Engineers Local No. 428 Pension Fund v. Samborsky, supra,* 650 F.2d at 199 citing *In Re Burrus,* 136 U.S. 586, 593–594, 10 S.Ct. 850, 852–853, 34 L.Ed. 500 (1890). Consequently, the supreme court has held that unless positively required by direct enactment, the courts should not presume a design on the part of congress to relieve the unfortunate debtor from familial support obligations. *Wetmore v. Markoe,* 196 U.S. 68, 77, 25 S.Ct. 172, 176, 49 L.Ed. 390 (1904). Nothing in the legislative history of ERISA suggests that the proscription against assignment and alienation was intended to include family support payments.[2]

Further, judicial interpretations of anti-assignment and exemption clauses in other

---

1. The only case to reach a contrary result is *General Motors Corp. v. Townsend,* 468 F.Supp. 466 (E.D.Mich.1976). However the reasoning and result in *Townsend* were subsequently rejected by another decision in the same district. *See Central States Southeast & Southwest Areas Pension Fund v. Parr, supra.*

2. In *Cartledge v. Miller, supra,* at id. n.44, the court analyzed ERISA's legislative history stating:

"ERISA's anti-assignment or alienation provisions speak only in general terms. Neither H.R. 2 nor H.R. 4200 contained such provisions. Only in 1974 were they added. Thus the only legislative history is a short paragraph in H.R.Conf.Rep.No. 93–1280, 93d Cong., 2d Sess. (1974), reprinted in [1974] U.S.Code Cong. & Admin.News 5038, 5060."

federal statutes evince an overall congressional purpose not to interfere with the state's power to enforce family support obligations. *See Cartledge v. Miller*, supra, at 1155 and cases collected at nn. 45–48 construing these provisions.

Accordingly, I hold that valid domestic relations decrees authorizing the transfer of pension benefits in satisfaction of support obligations are implied exemptions to ERISA §§ 1144(a), 1056(d)(1).

The plaintiff also contends that New York trust law continues to apply to the Johns-Manville plan for limited purposes relating to domestic relations decrees, despite enactment of ERISA. The plaintiff notes that the Johns-Manville plan is a New York trust and under New York trust law, transfers of trust income in satisfaction of support obligations are exempt from spendthrift or non-assignment clauses, N.Y. E.P. T.L. § 7–1.5(d). However, it is ERISA's non-assignment clause, § 1056(d)(1), which on its face excludes assignments. It is a construction of ERISA, not state law, based on legislative intent and judicial interpretations of ERISA that permits an implied exemption for transfers pursuant to domestic relations decrees.[3] Therefore, New York trust law is not applicable for the limited purpose of determining whether an exemption to ERISA § 1056(d)(1) exists.

The plaintiff also contends that New York domestic relations laws and the domestic relations laws of other states continues to apply to the Johns-Manville plan, after ERISA's enactment. I decline to decide these issues since neither the validity of the plaintiff's divorce decree nor the domestic relations law applied by the state court is in issue. It is hereby

ORDERED that the plaintiff's motion for partial summary judgment is granted as to the plaintiff's first request and denied as to

his second request. I reach no decision on his third and fourth requests. It is further

ORDERED that this action is returned to Magistrate Sickler so that he can conduct a status conference to limit the issues remaining for adjudication in accordance with the rulings contained herein and bring the case to readiness for trial.

---

**3.** The plaintiff claims that New York cases have held that the New York Estates, Powers and Trusts law "prevailed" over ERISA's non-alienation provision, citing *Wanamaker v. Wanamaker*, 93 Misc.2d 784, 401 N.Y.S.2d 702 (1978); *Cogollos v. Cogollos*, 93 Misc.2d 406, 402 N.Y.S.2d 929 (1978); *M. H. v. J. H.*, 93 Misc.2d 1016, 403 N.Y.S.2d 411 (1978). However, these New York courts did not reach their decisions on state trust law grounds but rather on the ground that congress did not intend that ERISA § 1056(d)(1) should prevent assignments or alienations of pension benefits pursuant to domestic relations decrees.