**Mary Maxine STACKHOUSE f/k/a Mary Maxine Russell; Debra Covert a/k/a Debra Collopy; and Paula Carroll, Appellees,**

v.

**Rosemary RUSSELL, Appellant,**

**and**

**John Deere & Company, Defendant.**

No. 88–1381.

Supreme Court of Iowa.

Oct. 18, 1989.

Richard J. Gaumer of Webber, Gaumer, Emanuel & Daily, P.C., Ottumwa, for appellant.

Allan C. Orsborn of Keith, Orsborn, Bauerle & Milani, Ottumwa, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO and NEUMAN, JJ.

HARRIS, Justice.

A dissolution of marriage decree, incorporating a stipulation, directed the husband to provide life insurance (death benefits under a collective bargaining agreement) in favor of the two daughters of the parties. Upon his later remarriage the husband nevertheless made the benefits payable to his second wife. The question here is whether Iowa courts are precluded from enforcing the decree by reason of the employee retirement income security act (ERISA), 29 U.S.C. §§ 1001, *et seq.* We agree with the trial court's determination that our courts can and should enforce the decree.

George Russell was married to Mary Maxine Russell (now Mary Maxine Stackhouse) for twenty-two years. They had two children, Debra, born November 9, 1952, and Paula, born November 12, 1954. George was an employee of the John Deere Ottumwa Works (Deere) and was covered by a benefit plan (including a group life insurance policy) provided by Deere under a collective bargaining agreement.

The marriage of George and Mary was dissolved by a decree entered September

11, 1974. Included in the decree was a stipulation ordering George to name his two daughters as the sole beneficiaries of his Deere life insurance policy. The daughters had both reached their majority at the time, and the provision to designate them for insurance benefits was George's only on-going obligation under the stipulation and decree. The parties had sold their real estate, paid their bills, and divided their personal property. George was to pay no alimony or support. Shortly thereafter George remarried and named Rosemary Russell, his second wife, as beneficiary under his policy. His two daughters were named as contingent beneficiaries in the event Rosemary predeceased him.

George died June 26, 1987. Rosemary survived him. Mary and the two daughters brought this action in equity, seeking the life insurance proceeds. Deere paid the amount due on the policy to the clerk of court and is not involved in the appeal. Rosemary appeals from the trial court's determination that the life insurance benefits be awarded to George's two daughters.

■ I. Except for the claimed impact of ERISA there would be no impediment against the enforcement of the decree. To be sure, a life insurance beneficiary ordinarily acquires no vested right in the policy. But where the beneficiary is named pursuant to contract, the insured loses power to designate different beneficiaries. *Stolar v. Turner*, 237 Iowa 593, 605, 21 N.W.2d 544, 550 (1946). Rosemary makes some attempt to avoid this rule under the facts here but we think it clearly applies. A provision in a dissolution of marriage decree to maintain life insurance is enforceable. We have applied the rule by requiring maintenance of life insurance in favor of a divorced wife or children as ordinary provisions in a divorce decree. *Hart v. Hart*, 239 Iowa 142, 148–149, 30 N.W.2d 748, 751 (1948); *Nicolls v. Nicolls*, 211 Iowa 1193, 1199, 235 N.W. 288, 290 (1931). Although not universal, our view seems consistent with that prevailing in a majority of jurisdictions. *See* Annotation, *Divorce: Provision in Decree That One Party Obtain or Maintain Life Insurance for Benefit of Other Party or Child*, 59 A.L. R.3d at 9 (1974). *See also* 27B C.J.S. *Divorce* § 394 at 264 (1986).

II. In *Davis v. Ottumwa YMCA*, 438 N.W.2d 10, 12–13 (Iowa 1989), we held that state law as it relates to employee benefit plans is preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In *Davis* we disallowed a state common-law action for breach of contract and negligence for failing to provide health insurance.

Rosemary contends George's life insurance policy with Deere was covered by ERISA, and therefore is impervious to the mandate of state law. Her argument is roughly analogous to one successfully urged under another federal statute in *Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981) (insured serviceman's beneficiary designation of second wife prevails, on preemption theory, over court-imposed benefits for children of earlier marriage). *See also McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (military retirement benefits immune, on preemption theory, from alimony award in state court).[1] The federal statute upon which Rosemary bases her preemption argument is 29 U.S.C. section 1144(a) (section 514(a) of ERISA) which expressly preempts to the federal courts "any and all State laws as they may now or hereafter relate to any employee benefit plan" covered by ERISA.

■ Notwithstanding Rosemary's contentions to the contrary, the authorities seem unanimous that this order to maintain life insurance is not the sort of matter the federal congress intended for inclusion in the preemption. The purpose of the preemption was perhaps best explained in *AT & T v. Merry*, 592 F.2d 118, 124 (2d Cir. 1979):

> The purpose of the proscription on alienation and assignment is to protect an

---

1. Congress thereafter passed the uniform services former spouses' protection act (10 U.S.C. § 1408), retroactively expressly overruling *McCarty*. State divorce courts are now free to determine how military benefits are to be divided. U.S.C. § 1408(c)(1).

employee from his own financial improvidence in dealing with third parties. The provision is not intended to alter traditional support obligations but rather to assure that the employee and his beneficiaries reap the ultimate benefits due upon retirement.

Other authorities clearly show that provisions relating to support and property division among parties in dissolution disputes are enforceable notwithstanding the preemption provisions in ERISA. *Savings and Profit Sharing Fund of Sears Employees v. Gago,* 717 F.2d 1038 (7th Cir. 1983); *Tenneco Inc. v. First Virginia Bank of Tidewater,* 698 F.2d 688 (4th Cir. 1983); *Operating Eng'rs' Local No. 428 Pension Trust Fund v. Zamborsky,* 650 F.2d 196 (9th Cir.1981); *Cody v. Riecker,* 594 F.2d 314 (2d Cir.1979); *Ball v. Revised Retirement Plan for Salaried Employees of Johns–Manville Corp. and Subsidiaries,* 522 F.Supp. 718 (D.C.Colo.1981); *United ed Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Industry of U.S. and Canada Local 198 AFL–CIO Pension Plan v. Myers,* 488 F.Supp. 704 (D.C.La.1980), *aff'd* 645 F.2d 532 (5th Cir. 1981); *Central States v. Parr,* 480 F.Supp. 924 (D.C.Mich.1979); *Senco of Florida, Inc. v. Clark,* 473 F.Supp. 902 (D.C.Fla. 1979); *Carpenters Pension Trust for S. Cal. v. Kronschnabel,* 460 F.Supp. 978 (D.C.Cal.1978), *aff'd,* 632 F.2d 745 (9th Cir. 1980), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981); *Cartledge v. Miller,* 457 F.Supp. 1146 (D.C.N.Y.1978); *In re Marriage of Williams,* 163 Cal. App.3d 753, 209 Cal.Rptr. 827 (1985); *In re Marriage of Hunt,* 78 Ill.App.3d 653, 34 Ill.Dec. 55, 397 N.E.2d 511 (1979); *Owens v. Owens,* 672 S.W.2d 67 (Ky.App.1984); *Ohm v. Ohm,* 49 Md.App. 392, 431 A.2d 1371 (1981); *Knapp v. Johnson,* 301 N.W.2d 548 (Minn.1980); *Western Elec. Co. v. Traphagen,* 166 N.J.Super. 418, 400 A.2d 66 (1979); *Ward v. Ward,* 164 N.J.Super. 354, 396 A.2d 365 (1978); *Pepitone v. Pepitone,* 108 Misc.2d 12, 436 N.Y.S.2d 966 (1981).

George could not avoid his obligation either by changing beneficiaries of the policy or, through his labor union, agreeing otherwise with Deere. We agree with the trial court's determination that George's life insurance proceeds must be paid to his two daughters in accordance with the stipulation and decree.

AFFIRMED.