IV. ANALYSIS
A. Effect of Decree and Change of Beneficiary
Two well-established propositions in Iowa law clarify the parties' rights in this case. First, under ordinary circumstances, a named beneficiary has no vested interest in the insurance policy. Stackhouse v. Russell , 447 N.W.2d 124, 125 (Iowa 1989) (citing Stolar v. Turner , 237 Iowa 593, 21 N.W.2d 544, 550 (1946) ). In other words, "the insured has complete control and domination of the policy" and may freely change beneficiaries. Stolar , 21 N.W.2d at 550 (quoting Potter v. Nw. Mut. L. Ins. , 216 Iowa 799, 247 N.W. 669, 671 (1933) ). The second proposition, however, is that when "the beneficiary is named pursuant to contract, the insured loses power to designate different beneficiaries." Stackhouse , 447 N.W.2d at 125 (citing Stolar , 21 N.W.2d at 550 (collecting cases) ).
Stackhouse establishes that this second proposition extends to dissolution decrees. Stackhouse , 447 N.W.2d at 125. In that case, the decedent obtained a life insurance policy during his first marriage. Id. After they divorced, the decree required the decedent to name his two children as the sole beneficiaries of the policy. Id. The decedent later remarried and named his second wife as the beneficiary, with his two children as contingent beneficiaries. Id. Upon his death, both his children and his second wife claimed the life insurance proceeds. Id. The court held decedent "could not avoid his obligation ... by changing beneficiaries of the policy," and thus, enforced the decree and ordered the life insurance proceeds paid to his two children. Id. at 126.
Like in Stackhouse , Ricardo obtained a life insurance policy during his marriage to *867 Bobbi Jo. ECF No. 29-1 ¶ 1. After they divorced, the decree required Ricardo to name his children Elaina and Noah as irrevocable beneficiaries of "the Life Insurance policies currently insuring [his] own life." Id. ¶ 11. Like the decedent in Stackhouse , Ricardo subsequently attempted to change beneficiaries.[4] ECF No. 30-1 ¶ 12. Applying the rule of Stackhouse , Ricardo was not able to change the named beneficiaries after the decree was entered.
Christina and Katherine contend that Stackhouse is distinguishable because, in that case, the decree addressed a specific insurance policy, whereas the decree in this case addressed any and all of Ricardo's life insurance policies at the time of the decree. ECF No. 32 at 2. Christina and Katherine do not, however, explain why this distinction is material and do not point to any authority that suggests it is. The Court finds no reason for this distinction to preclude Stackhouse 's applicability.
For the foregoing reasons, the Court concludes Ricardo's attempt to change the beneficiary to Christina is unenforceable. Therefore, Elaina and Noah have a superior claim to the disputed insurance proceeds.
B. Christina and Katherine's Additional Arguments
Christina and Katherine offer two additional arguments: (1) Elaina and Noah's claim is time-barred and (2) equity requires judgment in their favor. ECF Nos. 29 at 3-4, 32 at 2-3. The Court does not find either argument sufficiently persuasive to deny Elaina and Noah's motion.
1. Whether Elaina and Noah's Claim is Time-Barred
Christina and Katherine contend that Elaina and Noah's claim to the life insurance proceeds is time-barred. ECF No. 29 at 3 (citing Kan. Stat. Ann. § 59-2239 ); ECF No. 32 at 3 (same). The Court first notes this Kansas statute does not apply because this case is governed by Iowa law. But even if Kansas law applied, the facts of this case do not implicate this statute because section 59-2239 bars claims against a decedent's estate not filed within six months of the decedent's death. Kan. Stat. Ann. § 59-2239(1) ; see also Nelson v. Nelson , 288 Kan. 570, 205 P.3d 715, 730 (2009). The parties in this case are stating claims to life insurance proceeds not to assets in Ricardo's estate. Therefore, this case falls outside section 59-2239's scope. Accordingly, the Court concludes Elaina and Noah's claim is not time-barred as a matter of law.
2. Whether Equity Requires Judgment in Favor of Christina and Katherine
Christina and Katherine urge that equity requires judgment in their favor. ECF Nos. 29 at 4, 32 at 2-3. They point first to Ricardo's intent, arguing that "Christina Avila, Mr. Avila's daughter from a prior relationship, was an intended beneficiary of the life insurance policy in question at *868 the time of the entry of the Decree." ECF No. 32 at 2-3. Furthermore, they point to a second life insurance policy maintained by Ricardo, the benefit of which Elaina and Noah have already collected. ECF No. 29 ¶ 8. They argue this second policy, along with Ricardo's attempt to name Christina as the beneficiary under the disputed policy, shows that Ricardo intended for Christina to receive the proceeds at issue here. ECF No. 32 at 2-3.
Christina and Katherine's arguments do not persuade the Court. In interpreting and enforcing the dissolution decree, the Court declines to speculate on Ricardo's intent based on these actions. Indeed, Iowa courts look to the dissolution court's intent, not the parties' intent, in construing a dissolution decree, as indicated by the decree's four corners. In re Marriage of Anderson , 451 N.W.2d 187, 191 (Iowa Ct. App. 1989). The decree clearly states Elaina and Noah are irrevocable beneficiaries, and Iowa law compels the Court to enforce that provision.
V. CONCLUSION
Based upon this record, the Court finds Christina and Katherine have not provided any evidence to demonstrate a genuine issue for trial such that a reasonable jury could find for them. For the foregoing reasons, Elaina Avila and Noah Avila's Motion for Summary Judgment (ECF No. 30) is GRANTED. Christina Avila and Katherine Cisper Avila's Motion for Summary Judgment (ECF No. 29) is DENIED. The net proceeds deposited by State Farm Life Insurance Company shall be disbursed to Elaina Avila and Noah Avila.
IT IS SO ORDERED.

The record shows Ricardo also attempted to change the disputed policy's beneficiary before the dissolution decree was entered. The change of beneficiary form dated June 11, 2007, shows Ricardo naming Bobbi Jo, his ex-wife, and Christina, his daughter with Katherine, as equal beneficiaries. ECF No. 32-2. Although Christina and Katherine mention it in their response, ECF No. 32, neither party states a claim to proceeds under this change of beneficiary; Bobbi Jo is not claiming relief in this case. Instead, Christina states her claim to the proceeds based on the later change of beneficiary. While this attempted change is not at issue here, the court notes the dissolution decree likely supersedes this attempted change. Bobbi Jo's and Christina's interests were " 'mere expectanc[ies,]' ... which may be disposed of by the dissolution court." Sorensen v. Nelson , 342 N.W.2d 477, 480 (Iowa 1984).