FLETCHER LUMBER COMPANY v. A. E. WILSON AND C. L. WILSON, COMMISSIONERS; AND A. E. WILSON AND C. L. WILSON, INDIVIDUALLY.

(Filed 30 September, 1942.)

**1. Pleadings § 16c—**

> In an action, alleging overpayments by plaintiff to defendants, based upon a contract of sale and purchase of timber and for damages for hindrance and delay in the performance of the contract, wrongfully caused by defendants, it appearing in the complaint that the contract in controversy is the basis of another action between the same parties in another county, a demurrer was properly sustained. C. S., 511 (3).

**2. Pleadings § 15—**

> In an action, growing out of a contract for the sale and purchase of timber, entered into by plaintiff and defendants as commissioners in a special proceeding, and also against defendants, individually, there being no allegation that the individuals were parties to the contract, a demurrer was properly sustained. C. S., 511 (6).

APPEAL by plaintiff from *Sink, J.,* at February Term, 1942, of HENDERSON.

This is an action instituted in Henderson County to recover alleged overpayments made by the plaintiff to the defendants upon a contract

of sale and purchase of timber entered into in Yancey County by the defendants and plaintiff, and to recover damages for alleged hindrance and delay in the performance of said contract caused by the wrongful acts of the defendants.

In the complaint reference is made to an *Ex Parte* Special Proceeding pending in the Superior Court of Yancey County entitled "A. E. Wilson and C. L. Wilson, Administrators of the Estate of A. G. Wilson, deceased; Mrs. C. J. Wilson, widow of A. G. Wilson, Emma Hensley *et al.,* heirs at law of A. G. Wilson, petitioners, *Ex Parte,*" and in the complaint reference is made to a contract of sale and purchase of timber between A. E. Wilson and C. L. Wilson, Commissioners, and the plaintiff, the Fletcher Lumber Company.

The defendants, as commissioners, demur to the complaint upon the ground that there was "another action pending between the same parties for the same cause." C. S., 511 (3).

The defendants, as individuals, demur to the complaint upon the ground that it does not state facts sufficient to state a cause of action against them as individuals. C. S., 511 (6).

To judgment sustaining both demurrers the plaintiff preserved exception, and appealed.

*J. W. Haynes and Dover R. Fouts for plaintiff, appellant.*
*Anglin & Randolph and J. Scroop Styles for defendants, appellees.*

SCHENCK, J. The reference made in the complaint to the Special Proceeding pending in Yancey County in effect incorporated that proceeding into this case. *Alexander v. Norwood,* 118 N. C., 381, 24 S. E., 119. The contract which is the basis of the cause of action alleged in the complaint is also the basis of the controversy involved in the Special Proceeding, and the parties to the cause of action alleged in the complaint are the same as the parties in the controversy involved in the Special Proceeding. Hence, the remedy of the plaintiff in this action is by a motion in the cause in the Special Proceeding, and not by an independent action. See opinion in said Special Proceeding, *post,* 99.

"If it appears upon the complaint that there is another action pending between the same parties for the same cause, it is ground for demurrer." McIntosh, N. C. Prac. & Proc., par. 440, p. 451, and cases there cited.

The demurrer of the defendants, as commissioners, was properly sustained.

The demurrer of the defendants, as individuals, was also manifestly properly sustained, since the complaint fails to allege that any contract was entered into by the defendants in their individual capacity.

The judgment of the Superior Court is
Affirmed.