W. B. BYERLY, COMMISSIONER v. R. G. DELK.

(Filed 4 June, 1958.)

**1. Judicial Sales § 7—**

The remedy to compel the purchaser at a judicial sale to comply with his bid is by motion in the cause, and ordinarily the court will dismiss *ex mero motu* an independent action brought by the commissioner to compel the purchaser to comply with his bid.

**2. Abatement and Revival § 3—**

Where jurisdiction of the court has attached as to the parties and the subject matter in an action, which action remains pending for the purpose of granting relief thereafter sought by an independent action, the court will ordinarily dismiss the independent action *ex mero motu* in order to preserve orderly procedure and avoid multiplicity of suits and save costs.

APPEAL by plaintiff from *Olive, J.,* at March Term, 1958, of RAN-DOLPH.

Controversy without action to determine whether upon the facts agreed the defendant, high bidder at a judicial sale, may be required to pay the purchase money in compliance with his bid.

The instant action, instituted in Randolph County, is ancillary to an action previously instituted and still pending in Guilford County —High Point Division—entitled *"Ida Grace Taylor v. Fred M. Taylor."*

In the Guilford County case the plaintiff wife brought suit against her husband for alimony without divorce and for counsel fees, under

G.S. 50-16. The action was instituted 4 October, 1956. The plaintiff alleged in her complaint that the defendant was a nonresident of the State of North Carolina, and that after due diligence personal service could not be obtained upon him within the State. On the day the action was instituted, the clerk entered an order directing that the defendant be served with summons by publication. The same day the clerk also issued a warrant of attachment, directed to the Sheriff of Guilford County, commanding him to attach the property of the defendant found in his county. The writ was returned under date of 6 October, 1956, signed by the Sheriff of Randolph County, showing that it was executed by him that day by levying upon the defendant's interest in a specifically described lot located in the City of Asheboro, Randolph County. The lot, as shown by the record in the case on appeal, was and is held and owned by the plaintiff and the defendant as tenants by the entirety. The notice of summons by publication recites that the defendant was allowed until 24 November, 1956, to appear and plead to the complaint. However, on 18 October, 1956, after the notice had appeared in only two weekly issues of the newspaper, an order was entered by the presiding judge, awarding the plaintiff a *pendente lite* allowance of $150 a month and counsel fees of $150.

No appearance has ever been made by or for the defendant.

On 10 June, 1957, the case again came on for hearing before the presiding Judge, who found that the defendant had failed and neglected to make any of the payments required by the former order. Whereupon judgment was entered for the total of all past due instalments, to wit, $1,200.

On 10 July, 1957, Resident Judge Crissman, on motion of the plaintiff, entered an order appointing W. B. Byerly, Jr., commissioner, with power and direction to sell, for the satisfaction of the money judgment in favor of the plaintiff, the lot located in Asheboro, owned by the plaintiff and the defendant as an estate by the entirety. After upset bids and two resales conducted by the commissioner, R. G. Delk became the last and highest bidder for the lot at a price of $1,750. The sale was confirmed to him by order of Judge Crissman entered on 1 March, 1958, and on 5 March, 1958, deed was tendered purchaser Delk by the commissioner. He declined to accept the deed and refused to pay the purchase price, contending that the deed as tendered him by the commissioner was invalid because the Superior Court of Guilford County had no authority to order a sale of the lot owned by the plaintiff and the defendant as an estate by the entirety.

Thereupon, the instant action was instituted in the Superior Court of Randolph County as a controversy without action, under G.S. 1-

250, between commissioner Byerly as plaintiff and purchaser Delk as defendant. The facts agreed, as submitted to the court by the parties, embrace a copy of the judgment roll in the Guilford County case and other relevant facts as hereinbefore stated in substance.

When the agreed case came on for hearing before Judge Olive, he concluded that the Superior Court of Guilford County was without authority or jurisdiction to order a sale of the property owned by Ida Grace Taylor and Fred M. Taylor as tenants by the entirety. Accordingly, judgment was entered permitting purchaser Delk to rescind his contract to purchase the lot and taxing the plaintiff commissioner with the costs. From the judgment so entered, the plaintiff commissioner appeals.

*Haworth & Riggs for plaintiff, appellant.*
*No counsel contra.*

JOHNSON, J. It is established by authoritative decisions of this Court that where the purchaser at a judicial sale fails to comply with his bid, ordinarily the remedy is by motion in the cause, and not by independent action. On such motion the jurisdiction of the court is broad enough to give either the purchaser or any other interested party the relief which the situation as presented requires. The procedure by motion in the cause provides expeditious relief, prevents multiplicity of suits, and saves costs. If an independent action is brought, ordinarily the court *ex mero motu* will dismiss it. *Wilson, Ex Parte,* 222 N.C. 99, 22 S.E. 2d 262; *Marsh v. Nimocks,* 122 N.C. 478, 29 S.E. 840; *Long v. Jarratt,* 94 N.C. 444.

In *Long v. Jarratt, supra,* a purchaser at a judicial sale assigned his bid. The assignee paid the purchase price but died before deed was executed. His administrator and heirs at law instituted an independent action to compel execution of the deed. Merrimon, J., speaking for the Court, said: "The Court ought not, and will not, in another proceeding or action, take jurisdiction of the same parties and the same subject matter, and do therein what ought properly and regularly to be done in the incomplete proceeding. The law requires consistency in procedure, and in the exercise of jurisdictional authority. It avoids and prevents confusion and multiplicity of actions in respect to the same cause of action, and it will not allow its purpose in these respects, to be defeated by the consent, assent, or inadvertence of parties. Hence it will not tolerate the inconsistency and practical absurdity, of suspending or stopping an action before it is completed, and do what ought legitimately to be done in it, in another and distinct action.

"Therefore, when the Court sees its jurisdiction, already attached

as to the same parties and the same subject matter, in a former action not yet ended, interfered with by another subsequent action, in respect of a matter that ought properly to be considered and determined in the former action, the Court ought, *ex mero motu*, to refuse to proceed in respect to such matter, and send the parties complaining, to seek their remedy and relief in the former and proper action, and if the subsequent action has reference to such matter only, it ought at once to be dismissed, as having been improvidently brought. . . ."

In *Marsh v. Nimocks, supra,* it is said: "In a proceeding to sell land for assets the court of equity has all the powers necessary to accomplish its purpose, and when relief can be given in the pending action it must be done by a motion in the cause and not by an independent action. The latter is allowed only where the matter has been closed by a final judgment. If the purchaser fails to comply with his bid, the remedy is by motion in the cause to show cause, etc., and if this mode be not pursued, and a new action is brought, the court *ex mero motu* will dismiss it. This course is adopted to avoid the multiplicity of suits, avoid delay, and save costs. *Hudson v. Coble,* 97 N.C. 260; *Petillo ex parte,* 80 N.C., 50; *Mason v. Miles,* 63 N.C., 564, . . ."

The judgment rendered below will be treated as erroneous and set aside; and the action will be dismissed.

It is unnecessary to discuss serious procedural irregularities disclosed by the judgment roll in the Guilford County case.

Action dismissed.