**John CODY and Herbert Schneider, as Trustees of the Local 282 Pension Trust Fund, Plaintiffs-Appellants,**

**v.**

**Margaret RIECKER, Hon. Yorka C. Liniakis, Judge of the Family Court of the State of New York, County of Queens and Michael P. Seniuk, Sheriff of Nassau County, Defendants-Appellees.**

**No. 506, Docket 78–7460.**

United States Court of Appeals, Second Circuit.

Argued Jan. 24, 1979.

Decided Feb. 23, 1979.

J. Warren Mangan, Long Island City, N. Y. (O'Connor, Quinlan & Mangan, Long Island City, N. Y., of counsel), for plaintiffs-appellants.

Stanley Joseph Pryor, Maspeth, N. Y., for defendant-appellee Margaret Riecker.

Before LUMBARD, FEINBERG and MESKILL, Circuit Judges.

FEINBERG, Circuit Judge:

This is an appeal from orders of the United States District Court for the Eastern District of New York, Eugene H. Nickerson, J., denying preliminary injunctive relief, 454 F.Supp. 22 (E.D.N.Y.1978), and dismissing the complaint in an action brought under 29 U.S.C. § 1132(a)(3) by trustees of an employment benefit plan regulated by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. The trustees sought to enjoin the garnishment of pension fund benefits of Fred J. Riecker pursuant to a judgment of the

Family Court of the State of New York, Queens County, based on arrearages of $5,280 in Mr. Riecker's obligations to support his wife and children.[1] Judge Nickerson held that ERISA does not prohibit garnishments in aid of orders of state courts requiring family support payments. We affirm.

The pension plan involved here contains broad restrictions on transfer of benefits, including those effected by garnishment.[2] Judge Nickerson correctly held (and appellants do not challenge) that New York family support law overrides all such restrictions in a pension plan, see, e. g., *Hodson v. New York City Employees' Retirement System*, 243 App.Div. 480, 278 N.Y.S. 16 (1st Dept. 1935); *Zwingmann v. Zwingmann*, 150 App.Div. 358, 134 N.Y.S. 1077 (2d Dept. 1912); *Michel v. Michel*, 86 Misc.2d 774, 384 N.Y.S.2d 381 (Family Ct., Rensselaer County 1976), except to the extent that such state law is preempted by ERISA. That statute does contain an anti-alienation clause, section 206(d)(1), 29 U.S.C. § 1056(d)(1), which states that

> [e]ach pension plan [subject to ERISA] shall provide that benefits provided under the plan may not be assigned or alienated.

ERISA also contains a preemption provision, which states that the statute "supersede[s] any and all State laws," including decisional law. ERISA § 514, 29 U.S.C. § 1144. The question is whether garnishments to enforce state court created family support obligations are exempt from ERISA's anti-alienation provision, and thus are not subject to preemption by ERISA.

A panel of this court has just decided that very question in *American Telephone and Telegraph Co. v. Merry*, 592 F.2d 118, (2d Cir.1979), a case in which the court had before it the views of the Department of Justice as well as of the parties.[3] After analyzing the relevant statutory language and legislative history and discussing in detail the pertinent decisions, the panel held that

> a garnishment order [on pension benefits subject to ERISA] used to satisfy court ordered family support payments is impliedly excepted from preempted state law relating "to any employee benefit plan," ERISA § 514(a), 29 U.S.C. § 1144(a) and also from the alienation and assignment proscription of ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1).

Id. at 121. The *Merry* decision upheld garnishment of an ERISA regulated pension plan to enforce a post-divorce Connecticut court judgment for alimony and child support payments. We see no basis on which to distinguish this case, which involves New York spouse and child support orders prior to divorce, from *Merry*. Both kinds of orders are founded on the husband's obligation to provide for his wife and children, with the amount fixed, at least partly, with reference to need.

Further, we agree with Judge Werker's assessment for this court in *Merry* that the recent Supreme Court decision in *Hisquierdo v. Hisquierdo*, —— U.S. ——, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), does not suggest a different reading of the ERISA anti-aliena-tion provision. In *Hisquierdo*, the Supreme Court held that to the extent that California community property law entitles a divorced spouse to a share of her husband's future retirement benefits under the Railroad Retirement Act of 1974, the state law is preempted by a provision of that Act, 45

---

1. The judgment was entered during the marriage. We are informed that the marriage has since been dissolved.

2. Article IX, Section 2(b) of the plan provides: No money, property or equity or interest of any nature whatsoever in the Trust or Trust Funds or policies or benefits or moneys payable therefrom shall be subject in any manner, by any employee or person claiming through such employee, to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, mortgage, lien or charge, and any attempts to cause the same to be subject thereto shall be null and void.

3. The panel consisted of Judges Mansfield and Oakes of this court, and Judge Werker of the United States District Court for the Southern District of New York, sitting by designation. Judge Werker wrote the opinion.

U.S.C. § 231m, that prohibits assignment of benefits.[4] Justice Blackmun's opinion distinguished the community property scheme there involved, whereby each spouse regardless of need takes a one-half property interest in all property acquired during the marriage (there, the accrued right to future retirement benefits), from spousal and child support obligations based on need, which if not met threaten to throw such children and spouses "on the public dole." —— U.S. at ——, 99 S.Ct. 802.

At several points, Justice Blackmun discussed two recent amendments to the Social Security Act. —— U.S. at ——, ——, ——, 99 S.Ct. 802. The first amendment, effective 1975, added new section 459(a), 42 U.S.C. § 659(a), which provides that notwithstanding any contrary law, all federal employment benefits (including the Railroad Retirement Act benefits of the sort involved in *Hisquierdo*) may be reached to satisfy a legal obligation for child support or alimony.[5] The second amendment, passed in 1977, added new definitions section 462, 42 U.S.C. § 662, which, in subsection (c), defines "alimony" in section 459(a)

as not including any payment to be made in compliance with any community property settlement.[6] Thus, Congress, in the federal employment benefits context, has explicitly drawn the distinction that is required to distinguish the family support obligations involved both in this case and in *Merry* from the community property interests at issue in *Hisquierdo*. While the congressional amendments discussed in *Hisquierdo* do not apply to the pension benefits involved here, since these are private, not federal, benefits, they (and Justice Blackmun's emphasis on them in *Hisquierdo*) do underscore the reasonableness of this court's reading of the non-alienation provision in ERISA as inapplicable to, at least, garnishments to enforce family support obligations.

Further, to sustain the result we reach in this case, it may not be necessary to distinguish, in the ERISA context, between garnishments to enforce family support orders and spousal property settlements. Justice Blackmun expressly recognized that the decision in *Hisquierdo* was not applicable to ERISA. In footnote 24 of his opinion, —— U.S. at ——, 99 S.Ct. at 813, he wrote:

4. That provision provides in pertinent part:
   Notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated
   . . . .

5. That provision provides in its entirety:
   Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

6. The entire definition is as follows:
   The term "alimony", when used in reference to the legal obligations of an individual to

provide the same, means periodic payments of funds for the support and maintenance of the spouse (or former spouse) of such individual, and (subject to and in accordance with State law) includes but is not limited to, separate maintenance, alimony pendente lite, maintenance, and spousal support; such term also includes attorney's fees, interest, and court costs when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction. Such term does not include any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses.

It is worth noting that Congress makes no distinction in this context between spouses and former spouses, which is consistent with our holding here that there is no distinction between the support payments at issue in this case, and the post-divorce alimony payments at issue in *American Telephone and Telegraph Co. v. Merry, supra*.

In this case [The Railroad Retirement Act of 1974], Congress has granted a separate spouse's benefit, and has terminated that benefit upon absolute divorce. Different considerations might well apply where Congress has remained silent on the subject of benefits for spouses, particularly when the pension program is a private one which federal law merely regulates. See Employee Retirement Income Security Act of 1974, 88 Stat. 829, 29 U.S.C. § 1001 et seq. Our holding intimates no view concerning the application of community property principles to benefits payable under programs that possess these distinctive characteristics.

We read this footnote as casting no doubt on our conclusion that those seeking enforcement of family support orders may garnish benefits regulated by ERISA, but rather as perhaps opening the door to greater rights for spouses of pensioners covered by ERISA. In other words, we think the footnote kept the question open whether one may enforce the kind of community property right in the expectation of retirement benefits held preempted in *Hisquierdo* against pension benefits regulated by ERISA.

Thus, we affirm Judge Nickerson's dismissal of this action to enjoin the garnishment of these pension benefits, because such garnishment was in aid of enforcing court ordered family support obligations, and therefore was not in conflict with ERISA's anti-alienation clause.

Judgment affirmed.