In the Matter of MARGARET A. SHARLOT, Appellant, v IRVING J. SHARLOT, Respondent.

Third Department, October 24, 1985

### APPEARANCES OF COUNSEL

*William P. McGovern, III* (*Eugene P. Grimmick* of counsel), for appellant.

*Joyce M. Galante* for respondent.

### OPINION OF THE COURT

MAIN, J. P.

Respondent had initially been required to pay $100 per week for maintenance of petitioner and support of the parties' child. Thereafter, when respondent was required to take a medical leave of absence from his employment after he suffered a heart attack, Family Court temporarily reduced to $50 per week respondent's payments for support and maintenance. Respondent then suffered a second heart attack and became totally disabled, thus forcing him to permanently terminate his employment. Claiming that his only source of income was a monthly Social Security disability payment of $588.90, respondent filed a petition for modification seeking suspension of his support and maintenance obligation. At a hearing conducted on

November 18, 1983, Family Court requested both petitioner and respondent to file briefs on the issue of whether respondent's Social Security disability benefits were exempt from garnishment or levy in the enforcement of a Family Court order of support and maintenance. Family Court was to decide that issue and then schedule a hearing on the modification petition. Thereafter, without having conducted any hearing, Family Court issued a decision stating that the disability benefits were exempt from garnishment or levy and, since the disability benefits were respondent's only income, his support and maintenance obligation should be suspended. This appeal by petitioner ensued.

We note at the outset that Family Court erred in failing to conduct a full evidentiary hearing on respondent's petition for modification. The court, without the benefit of having conducted any such hearing on the parties' assets, obligations and unearned as well as earned income, concluded that the disability benefits received by respondent were his only income and were exempt from garnishment or levy and, as a result, respondent's support and maintenance obligation should be suspended. "When a party seeks modification of a prior support order based upon a change in circumstances, the court should conduct a full hearing to determine whether the alleged change warrants modification" (*Van Niel v Van Niel,* 93 AD2d 986; *see, Verrone v Voegtle,* 103 AD2d 1005, 1006; *Matter of Reynolds v Reynolds,* 50 AD2d 993, 994). Therefore, we reverse Family Court's order and remit the matter to that court so that a full evidentiary hearing may be conducted.

At that hearing and in its deliberations thereafter, Family Court should be cognizant that, contrary to its finding, respondent's Social Security disability benefits are not exempt from garnishment or levy under 42 USC § 407 (a). While it is generally true that 42 USC § 407 (a) bars the use of legal process to reach Social Security benefits (*see, Philpott v Essex County Welfare Bd.,* 409 US 413, 417), it must be remembered that the purpose of such provision is to protect the Social Security beneficiary and those dependent upon him from the claims of creditors (*see, Dionne v Bouley,* 757 F2d 1344, 1355; *Department of Health & Rehabilitative Servs. v Davis,* 616 F2d 828, 831). The exemption provided by 42 USC § 407 (a) should not be used "to defeat a familial obligation as distinguished from a claim arising out of a debtor-creditor relationship" (*Department of Health & Rehabilitative Servs. v Davis, supra,* p 831, citing *Brown v Brown,* 32 Ohio App 2d 139, 288 NE2d 852). Of course, the fact that respondent's disability benefits do not fit within the Federal

exemption does not necessarily mean that he must use those benefits or any portion thereof to meet his support and maintenance obligation. Family Court should merely consider the benefits as part of the pool of respondent's assets and income in determining how much, if anything, he can afford to pay in support and maintenance.

WEISS, YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Order reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent herewith.