JORETTA C. CALDWELL v. CARMEL F. CALDWELL

No. 8630DC1288

(Filed 16 June 1987)

**Divorce and Alimony § 16.6— dependent spouse—insufficient evidence**

> The trial court erred in finding that plaintiff wife was a dependent spouse where the evidence showed that the year the parties separated plaintiff's income was $19,301.46 and defendant's income was $24,447.26, and that during the last year the parties lived together, they maintained separate bank accounts and divided household expenses.

APPEAL by defendant from *Snow, Judge*. Judgment entered 10 July 1986 in District Court, HAYWOOD County. Heard in the Court of Appeals 8 June 1987.

This is a civil action wherein plaintiff seeks alimony without divorce, a writ of possession to a 1970 automobile titled in defendant's name and reasonable counsel fees. Following a trial on the issue of whether grounds for alimony exist, the jury found that defendant had willfully abandoned plaintiff without just cause or provocation and had committed adultery.

At a hearing before the trial judge without a jury to determine the issues of whether plaintiff is a dependent spouse and the amount of alimony to which she is entitled, if any, evidence was presented tending to show the following: Plaintiff and defendant were married on 7 July 1974 and separated on 11 May 1984. They have no children. At the time of the hearing defendant was employed by Dayco Corporation. His gross earnings at Dayco from 1983 until the date of the hearing were as follows: In 1983, he earned $20,475.11; in 1984, he earned $24,447.26; in 1985, he earned $19,048.05; and from 1 January 1986 through 4 May 1986, he earned $5,450.64. Plaintiff began working for Dayco on 7 January 1963 and was still a full-time employee there when the parties separated. In 1983 she earned $18,339.97 and in 1984 she earned $19,301.46. During the last year of the marriage, plaintiff and defendant maintained separate checking accounts and divided the household bills. Following the parties' separation, plaintiff left her job at Dayco and began managing a restaurant for a salary of $200 per week. She also works for a real estate company and receives a free apartment, valued at $250 per month, rather than a

salary. Plaintiff testified that she currently has monthly expenses of $1,248.22 in order to maintain her accustomed standard of living.

Following the hearing, the trial judge made findings of fact and conclusions of law, including a finding and conclusion that plaintiff is a dependent spouse, and entered an order directing defendant to pay $225.00 per month in alimony and $1,000 in attorney's fees and granting plaintiff a writ of possession in the 1970 Lincoln automobile titled in defendant's name. Defendant appealed.

*Alley, Hyler, Kersten, Killian, Davis and Smathers, P.A., by George B. Hyler, Jr., for plaintiff, appellee.*

*McLean & Dickson, P.A., by Russell L. McLean, III, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant contends the trial judge's finding that "Plaintiff was substantially and materially dependent upon the Defendant for her support and maintenance" is not supported by the evidence. We agree.

G.S. 50-16.1(3) defines "dependent spouse" as a spouse, "whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." The trial court in this case did not find that plaintiff was "substantially in need of maintenance and support" from defendant. The term "actually substantially dependent" as used in the first portion of the definition means that the spouse seeking alimony must have actual dependence on the other "in order to maintain the standard of living in the manner to which that spouse became accustomed during the last several years prior to separation." *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E. 2d 849, 854 (1980). Thus to qualify as a dependent spouse under that portion of G.S. 50-16.1(3) the spouse seeking alimony must be actually without means for providing for his or her accustomed standard of living. *Id.*

The uncontradicted evidence in the record discloses that the year before the parties separated, plaintiff had an income of

$18,339.97 and defendant had an income of $20,475.11. The year they separated, plaintiff's income was $19,301.46 and defendant's income was $24,447.26. During the last year that they lived together, they maintained separate bank accounts and divided household expenses. There is no evidence in the record to support the ultimate finding that plaintiff was "substantially and materially dependent upon the Defendant for her support and maintenance." We hold, therefore, that the trial court erred in awarding plaintiff alimony.

The trial court also erred in awarding plaintiff attorney's fees. To recover attorney's fees pursuant to G.S. 50-16.4 in an action for alimony, the spouse must be entitled to the relief demanded, must be a dependent spouse, and must have insufficient means to subsist during the prosecution of the suit and to defray the expenses thereof. *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972). Since plaintiff is not a dependent spouse and is not entitled to an award of alimony, she is not entitled to recover attorney's fees.

The order awarding alimony and attorney's fees to plaintiff is reversed.

Reversed.

Judges PHILLIPS and ORR concur.