GAYE H. CRUISE, PLAINTIFF v. BILLY H. CRUISE, DEFENDANT

No. 885DC459

(Filed 17 January 1989)

**Divorce and Alimony § 30; Social Security and Public Welfare § 1— Social Security benefits not distributable under Equitable Distribution statute**

> Federal law precludes North Carolina from distributing Social Security benefits under North Carolina's Equitable Distribution statute.

APPEAL by defendant from *Tucker, Judge.* Judgment entered 26 January 1988 in District Court, NEW HANOVER County. Heard in the Court of Appeals 2 November 1988.

Plaintiff wife and defendant husband were married on 18 April 1952. The parties separated on 1 August 1986. Defendant was married thirty-two of the thirty-six years that he was employed at Dupont, that is, eight-ninths of his career at Dupont. Defendant retired from Dupont in August of 1984. Plaintiff wife has worked only two years since 1958. The only child of the marriage is emancipated.

At the time of separation the defendant had vested in a pension plan at Dupont now worth a net value of $1,365.93 per month. Since 1 September 1987, the defendant has received monthly Social Security benefits of $679.00. The trial court awarded the plaintiff 4/9ths of the value of defendant's pension plan through Dupont, and 4/9ths of defendant's Social Security beginning 1 September 1987. Defendant appeals the award of four-ninths of his Social Security benefits to the plaintiff.

*Sperry & Cobb, by George H. Sperry, for plaintiff appellee.*

*Shipman & Lea, by James W. Lea, III, for defendant appellant.*

ARNOLD, Judge.

Federal law precludes North Carolina from distributing Social Security under North Carolina's Equitable Distribution statute. The test for pre-emption has been set out by the U.S. Supreme Court:

On the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has 'positively required by direct enactment' that state law be pre-empted. *Wetmore v. Markow*, 196 U.S. 68, 77, 49 L.Ed. 390, 25 S.Ct. 172 (1904). A mere conflict in words is not sufficient. State family and family-property law must do 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law be overridden. *United States v. Yazell*, 382 U.S. 341, 352, 15 L.Ed. 2d 404, 86 S.Ct. 500 (1966).

*Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 59 L.Ed. 2d 1, 11, 99 S.Ct. 802, 808 (1979).

In *Hisquierdo* the husband appealed the wife's offset award of presently available community property to compensate her interest in petitioner's expected Railroad Retirement Act benefits. The *Hisquierdo* court held that the Federal Statute pre-empted an award based on the wife's interest in the husband's Railroad Retirement benefits under California community property law. *Hisquierdo*. That ruling controls the decision in this case. In its analysis the Court analogized the Railroad Retirement Act to the Social Security Act and relied on an anti-assignment section of the Railroad Retirement Statute. *Id.* at 585, 59 L.Ed. 2d at 13, 99 S.Ct. at 810. *See* 45 U.S.C. § 231m. The anti-assignment section of the Railroad Retirement Act is quite similar to one included in the Social Security Act.

The Social Security Act provides a comprehensive scheme for how Social Security benefits are to be awarded divorced spouses. Since 1977 a divorced wife has been eligible to receive Social Security benefits on account of her former spouse if she had attained age 62 and also had been married to her insured spouse for at least 10 years. *Cahoon v. Heckler*, 574 F. Supp. 1021, 1022 (D. Mass. 1983), *aff'd*, 740 F. 2d 953 (1st Cir. 1984). *See* Social Security Coordinator § 24044 (1986 & Supp.). The current provision is summarized below:

A divorced husband or a divorced wife of an individual entitled to social security retirement or disability benefits is entitled to spousal benefits if he or she:

(1) applies for such benefits;

(2) is at least 62 years old;

(3) is not entitled to his or her own primary benefit in an amount equal to or greater than one-half due his or her spouse; and

(4) is not married.

§ 24280 Social Security Coordinator 1986. *See* 42 U.S.C. § 402(b)(1), § 402(c)(1), § 416(d)(1).

In addition to the provisions cited above which specifically describe the entitlement of a divorced spouse to a worker's benefits the Act prohibits assignments of benefits:

> The right of any person to any future payment under this title shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, *or other legal process* . . . [emphasis added].

42 U.S.C. § 407(a).

Congress has made an exception to § 407(a) in 42 U.S.C. § 659(a) which allows that Social Security benefits "payable . . . to any individual . . . shall be subject . . . to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." Congress has made it clear that property transfers which result from equitable distribution are not alimony. 42 U.S.C. § 662(c).

The federal statutory scheme is complete. It provides certain benefits for divorced spouses which are not dependent on the idiosyncrasies of each state's system of marital property law. *Richards v. Richards*, 659 S.W. 2d 746, 749 (Tex. Ct. App. 1983). The benefit payable to a divorced spouse of a covered worker does not reduce the benefit available to the worker. *Id. See* 42 U.S.C. § 403(a)(3). Division of Social Security benefits under North Carolina's Equitable Distribution Act would contradict the "direct enactment" of Congress and do major damage to the uniform disbursement of Social Security benefits under the federal Act. Were the trial judge's order to be followed in this case, the wife would be receiving benefits without making application to the Social Security system, before she was 62, and regardless of the

amount of her own benefit. The trial judge's order that the husband share one-half in the wife's anticipated benefits contradicts the Supreme Court's rationale in *Hisquierdo* which specifically prohibits the anticipation of benefits. *Hisquierdo* at 589, 59 L.Ed. 2d at 15, 99 S.Ct. at 812.

While we may be sympathetic to the plaintiff's position, Social Security benefits cannot be disbursed in an equitable distribution award. However, see *In the Matter of the Marriage of Swan,* 704 P. 2d 136 (Or. App. 1985); Valuation & Distribution of Marital Property § 18.03[3][f][v] (1988 Cum. Supp. p. 18-50).

For the reasons cited above the order of the trial court is reversed and remanded for further proceedings as required by this opinion.

Reversed and remanded.

Judges WELLS and COZORT concur.