JACKIE BROOKS WEAVER v. A. DOYLE EARLY, JR., MARGARET CHURCH WEAVER MARSH AND WYATT, EARLY, HARRIS, WHEELER & HAUSER

No. 581PA88

(Filed 9 November 1989)

**Abatement and Revival § 8.1 (NCI3d)— domestic action—sale of property by attorney—subsequent claim against attorney**

The trial court properly dismissed plaintiff's claims against defendant attorney and his law firm arising from a court-ordered sale of property by defendant attorney where, at the time the complaint in this case was filed, there was pending in Guilford County District Court a civil action in which the

court had ordered defendant Early to dispose of certain property and use the proceeds in a certain way, defendant Early was accountable to the District Court of Guilford County for his actions in selling the property, and plaintiff may enforce all of the rights he has in regard to the sale of this property by a motion in the cause in the District Court.

**Am Jur 2d, Abatement, Survival, and Revival §§ 5-7, 35, 40.**

ON defendants' petition for discretionary review of an unpublished opinion of the Court of Appeals, 92 N.C. App. 115, 373 S.E.2d 890 (1988), affirming in part and reversing in part a judgment entered by *Beaty, J.,* at the 12 January 1987 Civil Session of Superior Court of GUILFORD County and remanding the case to that court. Heard in the Supreme Court 14 September 1989.

This is an action in which the plaintiff has alleged ten claims. All the alleged claims grew from an action for alimony and child support brought by the defendant Margaret Church Weaver Marsh against her former husband who is the plaintiff in this action. A. Doyle Early, Jr. was Mrs. Marsh's attorney in that action. Mr. Early is a member of the law firm of Wyatt, Early, Harris, Wheeler and Hauser, which is a defendant in this case.

In his complaint the plaintiff contends that the defendant Early did not properly handle the sale of certain real and personal property which he was directed to sell by the District Court of Guilford County and use the proceeds to provide child support for the children of the marriage. The plaintiff alleged (1) Mr. Early breached a fiduciary duty to the plaintiff in the way he handled the sale of the assets; (2) the defendant Early and his law firm breached a fiduciary relationship with the plaintiff by placing a bid on certain real estate which the plaintiff and his wife owned and that the defendant Marsh conspired with the other defendants in doing so; (3) the defendants falsely imprisoned the plaintiff by withholding evidence of the disposal of certain property during a hearing on a contempt citation which resulted in the plaintiff's being incarcerated for six days for failing to abide by a court order to pay alimony pendente lite; (4) the defendant Marsh unlawfully disposed of certain personal property which the district court had allowed her to keep pending an order for equitable distribution and the other defendants had breached a fiduciary duty by failing to report this to the court; (5) the defendants converted certain personal property

belonging to the plaintiff and unlawfully disposed of certain real property which the plaintiff owned; (6) the defendant Marsh converted certain personal property in which the plaintiff had a marital interest; (7) that the defendant Early and his law firm were liable for abuse of process because they had attempted by legal action to collect an award of attorney fees against him, when they did not have a right to do so, for the purpose of negotiating with the plaintiff not to file an action against them and not to file a complaint with the grievance committee of the North Carolina State Bar; (8) that all the actions alleged by the plaintiff were done willfully and maliciously with the intent to cause great emotional distress to the plaintiff and they did cause such emotional distress to him; (9) the defendants conspired to conceal from the plaintiff and the court that they had wrongfully disposed of real and personal property owned by the plaintiff which caused him to be incarcerated for six days; and (10) the defendant Early and his law firm were negligent in disposing of property in which the plaintiff had an interest.

The plaintiff prayed for compensatory damages in the amount of $2,400,000 and punitive damages in the amount of $11,800,000 against the defendant Marsh. He prayed for unspecified compensatory and punitive damages in excess of $10,000 as the evidence might show against the other defendants. The superior court allowed the defendant Marsh's motion to dismiss all claims against her pursuant to N.C.G.S. § 1A-1, Rule 12(b)(1) and (6). The superior court allowed the motions of the other defendants to dismiss pursuant to Rule 12(b)(1) and (6) all claims except claims seven and eight which were the claims for abuse of process and for the intentional infliction of emotional distress. The plaintiff took a voluntary dismissal without prejudice to the two claims which were not dismissed and appealed to the Court of Appeals as to all the other claims.

The Court of Appeals affirmed the dismissal of all claims against the defendant Marsh. It also affirmed the dismissal of the claim against the other defendants for false imprisonment. As to the six remaining claims against the defendant Early and his law firm the Court of Appeals reversed. We granted a petition for discretionary review by the defendant Early and his law firm.

*Lovekin & Ingle, by Stephen L. Lovekin, and Jackie Brooks Weaver, pro se, for plaintiff appellee.*

*Petree, Stockton & Robinson, by Ralph M. Stockton, Jr., Jeffrey C. Howard and Robert H. Lesesne, for defendant appellants.*

WEAVER v. EARLY

[325 N.C. 535 (1989)]

WEBB, Justice.

The plaintiff did not appeal so that the dismissal of the claims against Mrs. Marsh and the dismissal of the claim for false imprisonment against the other defendants are not before us. The six remaining claims against Mr. Early and his law firm are based on what the plaintiff contends was malfeasance in the way Mr. Early had handled the sale of property which he had been ordered to sell by the District Court of Guilford County. The Court of Appeals said, "[w]hile all of these allegations concern matters related to the domestic proceedings in district court, we believe they allege independent, cognizable civil actions over which the superior court has subject matter jurisdiction." We differ with the Court of Appeals.

It is the rule in this state that the pendency of a prior action between the same parties for the same cause in a state court of competent jurisdiction abates a subsequent action in another court of the state having like jurisdiction. *Sales Co. v. Seymour*, 255 N.C. 714, 122 S.E.2d 605 (1961); *Pittman v. Pittman*, 248 N.C. 738, 104 S.E.2d 880 (1958); *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E.2d 860 (1952); *Cameron v. Cameron*, 235 N.C. 82, 68 S.E.2d 796 (1952); *Moore v. Moore*, 224 N.C. 552, 31 S.E.2d 690 (1944); *Johnson v. Smith*, 215 N.C. 322, 1 S.E.2d 834 (1939); and *Atkins v. Nash*, 61 N.C. App. 488, 300 S.E.2d 880 (1983). These cases say that the ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of a prior action is whether the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded. This rule has been applied not only when there is a prior civil action pending which is identical to the subsequent action but also when there is a prior action in which a party could by motion in the cause achieve what he is attempting to achieve in the subsequent action. *Byerly v. Delk*, 248 N.C. 553, 103 S.E.2d 812 (1958), and *Lumber Co. v. Wilson*, 222 N.C. 87, 21 S.E.2d 893 (1942).

The complaint in this case shows that at the time it was filed there was pending a civil action in the District Court of Guilford County in which the court had ordered Mr. Early to dispose of certain property and use the proceeds of the sale in a certain way. The district court could make this order. *Lambeth v. Lambeth*, 249 N.C. 315, 106 S.E.2d 491 (1959). Mr. Early is accountable to the District Court of Guilford County for his action in selling the

property. The plaintiff may enforce all the rights he has in regard to the sale of this property by a motion in the cause in the district court. The complaint shows there is an identity of parties, subject matter, issues involved and relief demanded between this case and the action in the district court which was pending when this case was filed. This case was properly dismissed in the Superior Court of Guilford County.

For the reasons stated in this opinion we reverse the Court of Appeals as to the matters appealed from by the defendants.

Reversed.