ROBERT L. EVANS, Plaintiff v. PEGGY SHOAF EVANS, Defendant

No. 9221DC810

(Filed 7 September 1993)

1. **Divorce and Separation § 20 (NCI4th)— separation agreement—pension benefits as alimony—no prohibition by ERISA**

    A provision in a 1981 separation agreement incorporated into a consent judgment requiring the husband to pay to the wife as alimony thirty percent of his pension benefits upon his retirement was not void on the date the agreement was entered under the anti-alienation and preemption clauses of the Employment Retirement Income Security Act of 1974 (ERISA) since ERISA had been construed to contain an implied exception to the anti-assignment clause for domestic orders relating to the assignment of retirement benefits pursuant to spouse or child support obligations before a specific exception was enacted in 1984.

    **Am Jur 2d, Divorce and Separation § 838 et seq.**

EVANS v. EVANS

[111 N.C. App. 792 (1993)]

2. **Divorce and Separation § 20 (NCI4th)— separation agreement—social security benefits as alimony—no prohibition by Social Security Act**

A provision in a 1981 separation agreement incorporated into a consent judgment requiring the husband to pay to the wife as alimony thirty percent of his social security benefits was not void under the anti-alienation and preemption clauses of the Social Security Act because this provision comes within the exception to the anti-alienation clause enacted in 1975 subjecting social security benefits to legal process to enforce a beneficiary's alimony obligations.

**Am Jur 2d, Divorce and Separation § 838 et seq.**

3. **Divorce and Separation § 526 (NCI4th)— alimony case— attorney's fees—wife as "spouse" after divorce**

The trial court was not without authority to award attorney's fees to defendant as the dependent spouse in an alimony action after a divorce had been entered and defendant was no longer plaintiff's wife since defendant did not lose her status as a "spouse" for purposes of N.C.G.S. §§ 50-16.3 and 50-16.4 at the time of the divorce.

**Am Jur 2d, Divorce and Separation § 596.**

**Amount of attorneys' fees in matters involving domestic relations. 59 ALR3d 152.**

Appeal by plaintiff from order entered 13 April 1992 in Forsyth County District Court by Judge Margaret L. Sharpe. Heard in the Court of Appeals 16 June 1993.

Plaintiff and defendant were married on 24 March 1951. Plaintiff-husband filed for absolute divorce on 1 June 1979, and defendant-wife filed an answer and counterclaim for temporary and permanent alimony. The marriage was dissolved by divorce judgment entered 30 July 1981. On the same day, the parties entered into a Separation Agreement and Property Settlement Agreement (hereinafter "Agreement") wherein plaintiff agreed to pay alimony to defendant, as well as pay her attorney's fees. The only child of the marriage was emancipated. The Agreement was incorporated into a Consent Judgment which ordered plaintiff to comply with the Agreement.

At the time the Consent Judgment was entered, plaintiff was employed by Piedmont Airlines as a commercial airline pilot earn-

ing approximately $80,000 per year. He continued his employment with Piedmont until he retired in August 1989, whereupon he received a lump sum retirement benefit distribution of $688,267.52 before taxes. Defendant was unemployed.

Prior to August 1989, plaintiff paid to defendant alimony in compliance with the terms of the Agreement. On 19 September 1990, however, after a year of not receiving alimony payments in accordance with the Consent Judgment, defendant filed a Motion in the Cause seeking to hold plaintiff in contempt. Plaintiff subsequently filed a Motion pursuant to N.C. Gen. Stat. § 50-16.9 (1987) seeking an order modifying the prior order regarding payment of alimony based on substantial and material changes in circumstances. On 5 December 1990, a Temporary Order was entered requiring plaintiff to pay defendant $3,517.20, thereby bringing plaintiff current with his obligations under the Agreement without prejudice to the determination of what amounts were owed by plaintiff to defendant pursuant to the 1981 Agreement.

These matters came on for hearing before Judge Margaret L. Sharpe presiding at the 3 February 1992 Session of Forsyth County Civil District Court. On 13 April 1992, Judge Sharpe entered judgment and order in favor of defendant which plaintiff now appeals.

*White & Crumpler, by Fred G. Crumpler, Jr. and Clyde C. Randolph, Jr., for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Jimmy H. Barnhill, for defendant-appellee.*

ARNOLD, Chief Judge.

The basis for plaintiff's appeal concerns Paragraph A.2. of the Agreement, which fixed the rights of the parties upon plaintiff's retirement from Piedmont. Paragraph A.2. of the Agreement states:

If the Husband retires from his employment with Piedmont at normal retirement age, the Wife will receive as alimony thirty percent (30%) of all income from his pension or retirement plan less income taxes attributable to said retirement income plus thirty percent (30%) of any Social Security payments he receives, payable monthly. The Husband will furnish the Wife satisfactory evidence of his income from these sources.

Based on the triggering of Paragraph A.2. by plaintiff's retirement from Piedmont at normal retirement age, the district court ordered that under the terms of the Agreement, defendant was entitled to $138,259.18 (thirty percent of plaintiff's retirement income less taxes) plus interest accruing at the rate of eight percent per annum from 19 September 1990 until paid. Plaintiff was also ordered to pay to defendant, when received, thirty percent of such Social Security benefits as he receives monthly. The court also ordered that plaintiff pay defendant $11,000 on account of attorneys' fees. Plaintiff assigns as error the court's order regarding these three payments.

## RETIREMENT BENEFITS

[1]  The district court ordered that plaintiff "within ten days, pay to defendant the sum of $138,259.18, plus interest accruing at the rate of eight percent per annum from September 19, 1990, until paid." The court found plaintiff's retirement effective 4 August 1989, thereby triggering Paragraph A.2. and entitling defendant to thirty percent of plaintiff's retirement benefits. Plaintiff contends that the purported assignment of pension benefits was void on the date it was made, 30 July 1981, under the Employee Retirement Income Security Act (ERISA) of 1974. We disagree.

In 1974, Congress passed ERISA "in order to provide better protection for beneficiaries of employee pension and welfare benefit plans" in the private workplace. *Rohrbeck v. Rohrbeck*, 318 Md. 28, 30, 566 A.2d 767, 768 (1989). ERISA contained a series of amendments relating to requirements including reporting and disclosure, vesting, discontinuance, and payment of benefits. *Id.* One of the provisions added to ERISA was an anti-alienation requirement or "spendthrift" provision which required that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1) (1985).

Another amendment which became part of the labor code was a preemption provision that stated "[ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [subject to ERISA requirements]." 29 U.S.C. § 1144(a) (1985). Therefore, under the 1974 ERISA, a beneficiary could not assign or alienate his retirement benefits to anyone under any State law relating to employment benefit plans. It is under this strict construction of ERISA plaintiff would

have the Court conclude that pursuant to §§ 1056(d)(1) and 1144(a) of the Code, the assignment of thirty percent of his retirement benefits was void from the date of the Consent Judgment. We are not persuaded by plaintiff's narrow reading of these two ERISA provisions.

Plaintiff ignores significant case law regarding the 1974 ERISA provisions at issue. The combination of the anti-alienation provision and the preemption provision eventually raised questions, evidently not anticipated by Congress, as to the validity of orders entered in State domestic relations proceedings whereby pension benefits were required to be paid to a person other than the plan beneficiary, i.e., spouse or child. *Rohrbeck*, 318 Md. 28, 566 A.2d 767. The majority of jurisdictions confronting this issue concluded that an implied exemption to the anti-assignment provision existed for domestic relation decrees authorizing the transfer of retirement benefits in satisfaction of support obligations. *See Tenneco Inc. v. First Virginia Bank of Tidewater*, 698 F.2d 688 (4th Cir. 1983) (employee's interest in benefit plan is subject to garnishment where debt is support obligation); *Cody v. Riecker*, 594 F.2d 314 (2d Cir. 1979) (garnishment of pension fund benefits under plan subject to ERISA due to arrearages in wife and child support obligations was not in conflict with anti-alienation clause of ERISA); *American Tel. & Tel. Co. v. Merry*, 592 F.2d 118 (2d Cir. 1979) (garnishment order may be used to satisfy court ordered family support payments out of pension benefits because such an order is impliedly excepted from the anti-alienation and preemption clauses of ERISA); *see also Ball v. Revised Retirement Plan, Etc.*, 522 F. Supp. 718 (1981); *Ward v. Ward*, 164 N.J. Super. 354, 396 A.2d 365 (1978). For example, in *Cody*, 594 F.2d 314, the Second Circuit court relied on *Merry*, 592 F.2d 118, which upheld a garnishment of an ERISA regulated pension plan to enforce a post-divorce judgment for alimony and child support payments. The *Cody* court stated that "it may not be necessary to distinguish, in the ERISA context, between garnishments to enforce family support orders and spousal property settlements." *Cody*, 594 F.2d at 316.

Since the 1981 judgment in the case at bar and the implied exception followed by the majority of jurisdictions, Congress has amended the anti-alienation clause of ERISA. Known as the Retirement Equity Act of 1984, Pub. L. No. 98-397, Congress amended § 1056(d) by creating an exception for certain domestic relations orders. In short, § 1056(d)(3)(A) excepted from anti-alienation domestic

EVANS v. EVANS

[111 N.C. App. 792 (1993)]

relations orders which were determined to be qualified domestic relations orders (QDRO). 29 U.S.C. § 1056(d)(3)(A) (1985). The House Education and Labor Committee's intent was to remove the confusion then existing in this area and to remove ERISA as a barrier to recovery of alimony, child support and property settlements under certain conditions. *Rohrbeck*, 318 Md. 28, 566 A.2d 767. The 1984 amendment, however, has no retroactive effect on the 1981 judgment at issue. *See* 29 U.S.C. § 1001, Pub. L. No. 98-397, § 303(d) (1985) (plan administrator must have been actually paying out the benefits in 1985 to qualify for retroactivity). Thus, we are guided by the law that existed at the time of the 1981 judgment and recognize Congressional intent to create an exception for domestic orders relating to the assignment or alienation of retirement benefits pursuant to spouse or child support obligations. We hold that the trial court's order pursuant to the 1981 Consent Judgment for plaintiff to pay defendant $138,259.18 plus interest was not error.

SOCIAL SECURITY BENEFITS

[2]  Plaintiff's next assignment of error is that the court erred by ordering that "[p]laintiff shall pay to defendant, when received, thirty percent of such social security benefits as he receives. Such payments shall be paid monthly." Plaintiff contends that insofar as the order attempts to enforce the assignment of Social Security benefits, it is void. He bases his argument on provisions of the Social Security Act which prohibit assignments of Social Security benefits. We disagree with plaintiff's contention.

Like ERISA, the Social Security Act provides an exhaustive benefit plan. Although the Social Security Act provides a scheme by which divorced spouses may be entitled to portions of their former spouse's benefits, *see* 42 U.S.C. § 402(b)(1) (1991), the Act also has an anti-alienation clause and preemption clause similar in nature to the ones in ERISA:

> (a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process . . . .

> (b) No other provision of law, enacted before, on, or after [the date of the enactment of this section] April 20, 1983, may

be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. §§ 407(a) and (b) (1991). In 1975, Congress created an exception to the anti-alienation clause by enacting 42 U.S.C. § 659(a), which provides:

Notwithstanding any other provision of law (including section 407 [anti-assignment and preemption clauses] of this title) . . ., [Social Security benefits] payable . . . to any individual . . . shall be subject . . . to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

42 U.S.C. § 659(a) (1991).

The purpose of the anti-assignment clause, as recognized by the majority of jurisdictions, is to protect the Social Security benefit recipient and those dependent upon him from claims of creditors. *Kirk v. Kirk*, 577 A.2d 976 (1990); *Sharlot v. Sharlot*, 494 N.Y.S.2d 238, 110 A.D.2d 299 (1985); *Meadows v. Meadows*, 619 P.2d 598 (1980); *Brown v. Brown*, 32 Ohio App. 2d 139, 288 N.E.2d 852 (1972). But where a wife seeks her husband's Social Security benefits in the form of alimony, she is not a creditor as such; and the statute should not apply, therefore, to defeat her claim for alimony. *Brown*, 32 Ohio App. 2d 139, 288 N.E.2d 852.

It would be inconsistent to hold that a wife could not reach Social Security benefits under § 407(a) because the statute allowing benefits to be subject to legal process for a claim of alimony, § 659(a), was enacted partially to protect her as a dependent. *Id.* It is true that this Court in *Cruise v. Cruise*, 92 N.C. App. 586, 374 S.E.2d 882 (1989) reversed a trial court's order awarding the wife a percentage of defendant's Social Security benefits, but that case involved a distribution of benefits under North Carolina's Equitable Distribution statute. Federal law precludes Social Security benefits from being treated by state courts as property. *Id.*; 42 U.S.C. § 662(c) (1984). This case involves alimony payments pursuant to a Separation Agreement and Property Settlement Agreement. Unlike *Cruise*, the payments at issue in the case at bar are subject to the anti-alienation exception, § 659(a).

Clearly Congress has expressly recognized an exception to the general bar against assignments in the case of Social Security

benefits paid to individuals obligated to pay alimony. *See Brevard v. Brevard*, 74 N.C. App. 484, 328 S.E.2d 789 (1985). Future Social Security benefits payable to plaintiff are subject to Judge Sharpe's order enforcing plaintiff's obligation under the Consent Judgment to make alimony payments in the form of a percentage of Social Security benefits. Plaintiff's requests for this Court to void the order based on the anti-alienation and preemption clauses of §§ 407(a) and (b) is rejected.

## ATTORNEYS' FEES

[3] Finally, plaintiff contends that the court was without authority to make an award of attorneys' fees pursuant to N.C. Gen. Stat. § 50-16.4 (1987) because at the time the order was entered, defendant was not the "spouse" of plaintiff as defined by statute and Webster's Dictionary. We disagree.

This Court has held that attorneys' fees are only allowed in alimony cases that come within the ambit of G.S. §§ 50-16.4 and 50-16.3. *Upchurch v. Upchurch*, 34 N.C. App. 658, 239 S.E.2d 701 (1977), *cert. denied*, 294 N.C. 363, 242 S.E.2d 634 (1978). G.S. § 50-16.4 provides:

> At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

N.C. Gen. Stat. § 50-16.4 (1987). The effect of this section is not to limit attorneys' fees only to alimony pendente lite proceedings. *Upchurch*, 34 N.C. App. 658, 239 S.E.2d 701. Rather, *anytime* a dependent spouse can show grounds for alimony pendente lite under G.S. § 50-16.3, the court can award attorneys' fees. "Anytime" includes time subsequent to the determination of the issues in the dependent spouse's favor at the trial of his or her cause on the merits. *Id.* To recover attorneys' fees pursuant to G.S. § 50-16.3, the spouse must show he or she (1) is entitled to the relief demanded, (2) is a dependent spouse, and (3) has insufficient means to subsist during prosecution or defense of the suit and to defray the expenses thereof. *Caldwell v. Caldwell*, 86 N.C. App. 225, 356 S.E.2d 821, *cert. denied*, 320 N.C. 791, 361 S.E.2d 72 (1987). Plaintiff does not argue that defendant fails to meet the three requirements

set forth above; he merely contends that defendant does not meet the definition of a "spouse" by virtue of the divorce decree rendered in 1981. He contends that a spouse means a husband or wife, and that defendant was no longer a wife at the time of the 13 April 1992 order awarding attorneys' fees.

Plaintiff's argument is without merit. We do not believe that a spouse loses her status for purposes of the relevant provisions of § 50-16 by obtaining a divorce decree. If we were to hold that defendant cannot be awarded attorneys' fees only because she is no longer the per se wife of plaintiff, the purpose of allowance for attorneys' fees would be defeated. An award of attorneys' fees is meant to enable the dependent spouse to employ counsel to meet her supporting spouse on an equal level at trial, or subsequent to trial, while still maintaining herself according to her station in life. *See Little v. Little*, 12 N.C. App. 353, 183 S.E.2d 278 (1971). In order to award attorneys' fees in an alimony case, the trial court must make findings of facts showing that the fees are allowable and that the amount awarded is reasonable. *Upchurch*, 34 N.C. App. 658, 239 S.E.2d 701. The trial court made findings of fact as to these factors, and thus, we conclude that attorneys' fees were properly awarded.

Affirmed.

Judges COZORT and MARTIN concur.