Argued and submitted May 10, affirmed as modified July 31, 1985

In the Matter of the Marriage of

SWAN,
*Respondent-Cross-Appellant,*
*and*

SWAN,
*Appellant-Cross-Respondent.*

(D 8205-69002; CA A29760)

704 P2d 136

Clint A. Lonergan, Portland, argued the cause for appellant-cross-respondent. With him on the briefs were Howard R. Lonergan and Richard L. Lonergan, Portland.

Leslie M. Roberts, Portland, argued the cause for respondent-cross-appellant. With her on the brief were Lois I. Beran, and Kell, Alterman & Runstein, Portland.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Wife appeals from a decree of dissolution. She argues that she should have been awarded both a greater proportion of the property and permanent spousal support. We agree with her second contention. Husband cross-appeals, arguing that the Social Security Act prohibits including its benefits in property division calculations. We are not persuaded by husband's argument.

The parties have been married for 36 years; they are both 58 years old. Husband has a B.S. in business. Wife has a degree in home economics. Husband has worked for most of the past 20 years as a staff assistant for elected officials. In 1982, he made $32,610, netting $1800 per month. He has a 30 percent disability from a World War II injury and receives a military disability pension of $195 per month.

Wife has spent most of her married life as a homemaker and mother. During the last few years of the marriage, she worked as a lobbyist part-time, earning $8,000 a legislative session. At the time of the hearing she was working as a Mt. Hood Community College instructor part-time, netting $219 per month.

Husband had cancer in the late 1970's and has had two operations for the disease. He suffers some physical dysfunction. Wife testified that she has several health problems, including a degenerative rotor cuff, Paget's disease in her shoulders and a rectal ulcer.

The trial court awarded husband these assets:

| | |
|---|---|
| Hawaii lease | $ 5,000.00 |
| Swan-Holtzheimer Building | 32,500.00 |
| Life insurance policies | 3,600.00 |
| Federal Civil Service Retirement | 117,500.00 |
| Federal Disability Pension | 32,967.02 |
| Public Employee Retirement | 4,900.00 |
| Social Security (husband's) | 50,000.00 |
| Household goods | 3,000.00 |
| | $249,467.02 |

Wife was awarded:

| | |
|---|---|
| Family home (equity) | $ 68,000.00 |
| Bede contract | 10,973.00 |
| Midwest Income Trust | 1,936.90 |

| | |
|---|---|
| Franklin Money Market | 1,470.00 |
| CCST stock | 15,000.00 |
| Dynatech stock | 50,500.00 |
| American Home stock | 15,000.00 |
| Jones Cable stock | 5,000.00 |
| Ford stock | 15,000.00 |
| IRA | 2,300.00 |
| Tri-County Retirement | 2,410.00 |
| Tax sheltered annuity | 4,700.00 |
| Social Security (wife's) | 29,000.00 |
| Household furnishings | 17,000.00 |
| | $238,289.90 |

Wife challenges the property division, arguing that the trial court should have awarded her at least 50 percent of the parties' assets. We disagree. The trial court properly awarded the parties the assets that would enable each of them to leave the marriage in something like a self-sufficient status. *See Haguewood and Haguewood,* 292 Or 197, 638 P2d 1135 (1981). This court will not modify the property division unless convinced that it can make a significantly preferable disposition, *Frishkoff and Frishkoff,* 45 Or App 1033, 610 P2d 831 (1980), and in this instance it cannot.

■ Wife also argues that the trial court erred in not awarding spousal support. We agree. Although wife has some training and has demonstrated the ability to work at relatively sophisticated jobs, the facts that she is 58 and has been absent from the job market for such a long time make her employment prospects speculative when compared with those of husband. Furthermore, the trial court assumed that she would have to sell some assets awarded to her and reinvest the proceeds in income-producing investments. That would produce taxable gains, and her award would be reduced by taxes. Considering the factors enumerated in ORS 107.105(1)(d), we conclude that wife should be awarded $300 per month permanent spousal support. *See Pierce and Pierce,* 70 Or App 24, 688 P2d 114 (1984).

■■ We turn now to husband's cross-appeal. He argues that federal law prohibits courts from considering Social Security benefits in property division awards. He relies on 42

USC § 407.[1] That provision makes the right of any person to future Social Security payments nontransferrable and non-assignable and makes Social Security benefits not subject to "execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 USC § 407(a). It precludes a court from awarding one spouse's Social Security benefits to the other; however, it does not preclude a court in a dissolution proceeding from considering Social Security benefits when dividing the parties' real or personal property "as may be just and proper in all the circumstances." ORS 107.105(1)(f) directs that a "retirement plan or pension or an interest therein shall be considered as property." Although Social Security benefits can only be awarded to the person to whom they accrue, the value of those benefits can be considered in the equitable distribution by the court. *See Pierson and Pierson,* 294 Or 117, 121, 653 P2d 1258 (1982).

Decree modified on appeal to award wife $300 per month permanent spousal support; affirmed in all other respects. Costs to wife, excluding attorney fees.

---

[1] 42 USC § 407 provides:

"(a) The right of any person to any future payment under this title shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

"(b) No other provision of law, enacted before, on, or after the date of the enactment of this section [enacted Aug. 14, 1935], may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section." (Brackets in original.)